STATE HIGHWAY DEPT. et al.
v. ELLEDGE et al.

No. 33565. July 5, 1949.

Rehearng Denied Sept. 13, 1949.

*209 P. 2d 704.*

Mont R. Powell and Anthony R. Kane, both of Oklahoma City, for petitioners.

Earl Goad and T. H. Ottesen, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J. The record shows that on the 29th of December, 1945, while respondent was in the employ of the State Highway Department and engaged in the course of his employment, and working on a state highway, one Earl Cornelius, a resident of California, and not in the employ of the State Highway Department, while driving over and along such highway, carelessly and negligently ran into and over respondent causing serious injury to his right arm, right shoulder, and right leg and injuries to other portions of his body which resulted in some permanent disability to his person.

Respondent was immediately taken to the hospital at Elk City where he was treated for several months. He was

thereafter removed from the hospital to his home where he received further treatment and was still receiving treatment at the time of the present hearing.

On the 8th of January, 1946, the attorney for Cornelius brought an instrument to the hospital at which respondent was then being treated, purporting to be a compromise of his claim against Cornelius for the sum of $1,000 and releasing said Cornelius from all further liability by reason of such injuries. This instrument was signed by respondent by mark.

Respondent because of his condition was at that time unable to write his name, his name was affixed thereto by the person presenting the instrument. This purported compromise and settlement was made and the release executed without approval of the State Industrial Commission and without knowledge or consent of the petitioners or either of them. This settlement and release is pleaded by petitioners in bar to respondent's claim for compensation under the Workmen's Compensation Act. Respondent thereafter repudiated this compromise settlement and release. This compromise settlement and release was thereafter, at a suit brought for that purpose, set aside by a court of competent jurisdiction on the ground that such settlement and release was obtained from respondent by the attorney for Cornelius through false and fraudulent representations. We shall later in this opinion refer to and discuss this purported settlement and release and the judgment entered thereon.

Thereafter, and on the 11th day of December, 1946, respondent filed with the commission an election whereby he elected to pursue his remedy against Cornelius for common law damages in which instrument he informed the Commission of the execution of the release and the making of the settlement above referred to, and alleged that such settlement and release was obtained through false and fraudulent representations by the attorney representing Cornelius and requested that he be permitted to prosecute an action at law against Cornelius to set aside and cancel such settlement and release and to recover damages against Cornelius, and that he be permitted thereafter to prosecute his claim for compensation before the commission for the difference, if any, which he might recover against Cornelius in said action and the amount he would be entitled to recover under the Workmen's Compensation Act. The commission on the same day made an order approving respondent's election, and granted him permission to prosecute his action at law against Cornelius to set aside the compromise settlement and release and to recover common law damages against Cornelius for his injuries sustained, and ordered the claim for compensation filed before it held in abeyance pending the final determination of such action.

Respondent then filed his action in the district court of Kiowa county to set aside the compromise settlement and release on the ground that it was obtained through fraud, and to recover damages against Cornelius for the damages sustained by him as a result of such injuries. Counsel immediately thereafter notified petitioners of respondent's election and of the filing of such suit and invited them to appear in the case and protect their interest, either in the prosecution or defense of the action.

The case was thereafter transferred to the Federal Court for the Western District of Oklahoma. Counsel immediately thereafter notified petitioners of such transfer and of the date the case was set for trial and again invited them to appear and enter the case in order to protect their interest. No appearance, however, was made in the case by petitioners or either of them.

The case was tried in the Federal Court at Oklahoma City on the 16th day of December, 1947, before the court, a jury having been waived. After a full and complete hearing of the

evidence, and at the conclusion thereof, the trial court made elaborate findings and conclusions of law, in which, among other things, the court, in substance, found that on the 29th of December, 1945, while plaintiff was in the employ of the State Highway Department and working in the course of his employment, the defendant negligently drove his automobile onto and over plaintiff, knocking him unconscious, and that as a result of said injuries plaintiff sustained a fracture of his right leg, right arm, and other bodily injuries from which he is now suffering serious and permanent disabilities; that on the 8th of January, 1946, while plaintiff was confined to his hospital bed because of injuries sustained by him in said accident, and while plaintiff was under active medical treatment for said injuries, the defendant by and through his attorney induced the plaintiff to execute an instrument denominated release of claim for personal injuries releasing the defendant and his insurer from all liability and demands or claims arising out of said accidental injury; that for said release plaintiff was to be paid the sum of $1,000; that to induce the execution of said release by the plaintiff, defendant, by and through his attorney and agent, informed and advised the plaintiff that by execution of said release his right to proceed before the State Industrial Commission of Oklahoma for compensation as provided by the Workmen's Compensation Law of the state would not be prejudiced or impaired; that such statement and representations were false and untrue; that by relying upon said representations and believing the same to be true he executed said release and had it not been for said false and mistaken representations plaintiff would not have executed said release. Upon these findings the court entered judgment vacating, canceling and setting aside the compromise settlement and release on the ground that it has been obtained through false and fraudulent representations, and entered judgment for damages in favor of plaintiff and against Cornelius in

the sum of $6,500, less the sum of $1,000 theretofore received by plaintiff, or a total of $5,500.

The record also shows that prior to the filing of the election above referred to, an assistant engineer of the State Highway Department presented to respondent, while still in the hospital, an instrument purporting to be an election to take compensation under the Workmen's Compensation Act; that he signed such instrument by mark, which instrument was kept on file in the office of the State Highway Department; that immediately thereafter petitioners paid respondent compensation for temporary total disability for a period of two weeks; that they then ascertained that respondent had made the pretended compromise settlement above referred to and had executed the release above mentioned, and thereafter discontinued payments and refused to pay further hospital or medical bills.

Counsel for respondent had no knowledge of the execution of this pretended election until it was presented at the present hearing. Respondent testified that this instrument was presented to him while still in the hospital and under medical treatment, and while he was in such weakened physical condition as to be unable to sign his name or read the instrument; that the instrument was read to him by the party presenting the same, but that he did not understand its contents or meaning; that the party presenting the same stated that it was merely an agreement by which petitioners agreed to pay him $21 per week and all hospital and medical bills until he had fully recovered from his injuries, and that it was upon this statement that he signed the instrument; that he was thereafter paid $21 per week for two weeks when payments were discontinued. This evidence of respondent is not denied.

In these circumstances the execution of this instrument will not constitute an election. In order to constitute an election a party must have knowledge of his rights and must knowingly in-

4

tend to abandon one remedy and pursue another. Noble Drilling Co. v. Murphy, 131 Okla. 34, 267 P. 659; Associated Indemnity Corporation v. Landers, 159 Okla. 190, 14 P. 2d 950. Since it is not contended that the signing of this instrument precluded respondent from pursuing his remedy against Cornelius for common law damages, nor that it has the effect of barring his claim for compensation before the Industrial Commission for the difference between the amount, if any, obtained in that action and the amount he is entitled to recover under the Workmen's Compensation Act, we deem it unnecessary to further discuss this pretended election or its effect.

After rendition of the judgment above referred to, respondent filed with the commission a request for further hearing, which request was granted and the case assigned to a trial commissioner for hearing. The commissioner hearing the case at the conclusion of the evidence, after finding that on the 29th of December, 1945, claimant, while in the employ of the State Highway Department and while engaged in the course of his employment, sustained an accidental personal injury consisting of a compound fracture to his right leg, fractured right arm, broken teeth, and head, neck and back injuries, that as a result of such injuries he sustained a 75 per cent permanent partial disability to his body as a whole, further found:

"That on January 7th, 1946, claimant signed, by his mark, Form 3 Employees First Notice of Injury and Claim for Compensation and same was filed with his Commission on January 21st, 1946; That on January 8th, 1946, claimant executed by his mark a Common law Release to Earl Francis Cornelius being the third party responsible for claimant's injuries and resulting disabilities, and for the execution of said release claimant was paid by Cornelius the sum of $1000.00; That thereafter and prior to January 21st, 1946, claimant executed an Election to Take Compensation and same was received by the insurance carrier herein on January 21st, 1946. That thereafter,

with permission of the Industrial Commission, claimant filed suit against Earl Francis Cornelius for cancellation of said Common Law Release and for damages for personal injuries, said suit being filed in December, 1946. That the respondent and insurance carrier herein were given notice of the pendency of said common law action and were invited to assist in the prosecution thereof or to appear and defend against same, and that said respondent and insurance carrier refused to participate in said suit in any manner. That on the 16th day of December, 1947, said common law action was heard before Honorable Stephen Chandler, United States District Judge, Western District of Oklahoma, and at the conclusion of said hearing judgment was rendered in favor of the plaintiff, claimant herein, cancelling, vacating, setting aside and holding for naught said release executed by claimant on January 8th, 1946, and judgment was rendered for claimant in the sum of $6,500.00, less the sum of $1,000.00 paid claimant at the time of the execution of said release. In view of the foregoing findings the Trial Commissioner finds that claimant is entitled to proceed before the Commission against the respondent and insurance carrier for the deficiency between the amount of his recovery in the United States District Court and the compensation estimated by the Workmen's Compensation Law for such Case."

And upon such findings made an award against petitioners in the sum of $7,875, less the sum of $6,500 heretofore paid by Cornelius as the result of the judgment obtained in the Federal Court, or a total or balance of $1,375.

Petitioners do not challenge the finding of the commissioner as to the nature and extent of the injury received by respondent nor as to the degree of disability sustained by him. They, however, plead the compromise settlement and release above mentioned as a bar to respondent's claim for compensation. They contend that since the evidence shows this compromise settlement was entered into and the release executed without the approval of the State Industrial Commission and with-

out the consent, knowledge or approval of petitioners, respondent is precluded from prosecuting his claim. In support of this contention they rely on 85 O. S. 1941 §44. This section provides:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

Petitioners' contention in this respect would be correct if respondent had made such compromise and executed the release of his free will and accord with full knowledge of all the facts and without pressure having been exerted upon him by Cornelius, his attorney or agent. The evidence, however, is clear and convincing that such is not the case. It is shown that the compromise was entered into and the release signed because of false and fraudulent representations made by the attorney representing Cornelius. Respondent so testified at the present hearing. As to this issue he testified substantially as found by the Federal Court trying the common law action for damages. It is also shown that in that action the compromise settlement and release relied upon was set aside on the ground that it was obtained through false and fraudulent representations made by the attorney for Cornelius. Since this is true it is clear that this purported settlement and release never had any force, life or vitality and the parties to this proceeding stand in the same position as though no such agreement had ever been entered into or the release had never been executed. Such settlement and release therefore do not constitute a bar to respondent's claim for compensation.

Petitioners further contend that the judgment rendered in the Federal Court was a matter of form only; that the parties to that action had entered into a compromise settlement in which they agreed to settle their claim for damages against Cornelius and that the judgment was merely rendered to give full force and effect to such compromise settlement; that this compromise was entered into without approval of the State Industrial Commission and without consent or approval of petitioners and that respondent by reason thereof is barred from claiming further compensation under the Workmen's Compensation Act.

There is a total lack of evidence to sustain the contention of petitioners in this respect. The evidence, on the contrary, shows that the judgment in the Federal Court was rendered after a full and fair hearing and after introduction of all the evidence necessary and essential to a complete determination of the issues involved and was a bona fide trial.

The only evidence offered by petitioners to sustain this contention is a stipulation entered into between the parties at the hearing of the present case in which it is stipulated that certain physicians who treated respondent after his injuries and who testified in the present hearing did not testify at the trial in the Federal Court. This evidence, however, shows that one physician appeared and testified at that trial and testified as to the nature and

extent of the injuries sustained by respondent and stated that as a result of such injuries he is now permanently totally disabled. In these circumstances respondent cannot be charged with negligence for failure to present further and additional evidence as to the extent of disability. However many witnesses he may have offered on this issue he could not have established a greater degree of disability than permanent total disability. There was therefore no necessity for offering further evidence as to such issue. The contention of petitioners in this respect is without substantial merit.

Under the evidence and findings of the commission respondent had a right to pursue his remedy against Cornelius, the third party causing his injuries, for common law damages, and had a right thereafter to prosecute his claim before the Industrial Commission for the difference between the amount recovered in that action and the amount he was entitled to receive under the Workmen's Compensation Act. Ladd v. Hudson, 143 Okla. 174, 288 P. 331; Sinclair Oil and Gas Co. v. State Industrial Commission, 151 Okla. 228, 3 P. 2d 438; Parkhill Truck Co. v. Wilson, 190 Okla. 473, 125 P. 2d 203.

Award sustained.

DAVISON, C. J., ARNOLD, V. C. J., and CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.