COKER–MITCHELL COMPANY and Automobile Dealers Insurance Co., a Corporation, Petitioners,

v.

STATE INDUSTRIAL COURT and Arthur O. Gay, Respondents.

No. 42731.

Supreme Court of Oklahoma.

Feb. 18, 1969.

Rogers, Donovan & Rogers, by, Edwin W. Ash, Tulsa, for petitioners.

John W. Hampton, Tulsa, for respondents.

BLACKBIRD, Justice.

The respondent, Arthur O. Gay, hereinafter referred to as "claimant", was employed by the petitioner, Coker-Mitchell Company, a Pontiac automobile dealer, when he suffered back injuries from the collision, of an automobile driven by one Louie P. Eden, with the Pontiac claimant was driving into his said employer's business building on May 7, 1965.

After claimant's first two periods of hospitalization, he obtained the sum of $4500.00 from Eden's insurer, State Farm Mutual Insurance Company (hereinafter referred to merely as "State Farm") on June 16, 1965, in settlement. of Eden's claimed tort liability to him.

When claimant thereafter filed his Form No. 3 in the State Industrial Court against Coker-Mitchell Company, as respondent, and naming its insurer, Automobile Dealers Mutual Insurance Company, as "Insurance Carrier", and the latter two had filed an answer, in effect, denying liability, the Industrial Court conducted a hearing on April 5, 1966, to determine if it had jurisdiction in the matter, in view of the claimant's aforementioned settlement of his tort claim against Eden.

After a period of more than six months had elapsed, in which claimant underwent further hospitalization and surgery, the State Industrial Court entered an order in January, 1967, determining that claimant was not precluded by the settlement of his third-party tort claim, from proceeding in said court against his afore-named employer and its insurance carrier, hereinafter referred to as "C-M", and "Dealers Insurance", or collectively as "respondents." During the next month, this order was affirmed on appeal to said court sitting en banc.

Thereafter, one of said court's judges proceeded to try claimant's claim against respondents on its merits. This trial resulted in an award to claimant based upon a finding, among others, that claimant's back injury had resulted in an osteomyelitis condition, that claimant was temporarily totally disabled until February 24, 1967, and had sustained a 60 percent permanent partial disability to his body as a whole.

Respondents filed the present original proceeding in this Court for a review of both the award, and the previous aforementioned order of January, 1967. Claimant takes the position that a review of the January, 1967 order, is precluded by respondents' failure to seek an earlier review of it in this court. There is no merit to this argument, because that order left the claim pending, with its merits to be determined in subsequent proceedings of the State Industrial Court. Said order was merely intermediate, or interlocutory, and constituted no final adjudication of the claim for compensation involved. See

Dawson v. Ferguson, Okl., 398 P.2d 820 and the cases therein cited.

Under "PROPOSITION ONE" of the initial brief filed by respondents, they assert that the State Industrial Court had no jurisdiction over the subject claim because of claimant's afore-mentioned previous settlement of his tort claim against Eden. To support their position, they quote Tit. 85 O.S.1961, § 44(a) and the State Industrial Court's Rule 21, contemplating an election, by an employee injured by the tort of "one not in the same employ", between taking compensation under the Workmen's Compensation Act, and pursuing his remedy against said tort feasor. The Statute specifically provides, among other things, that the employee's settlement of his tort claim against the tort feasor for any amount less than the amount of compensation to which he is entitled under said Act "shall be made only with the written approval of the Commission (now State Industrial Court), and otherwise with the written approval of the person or insurance carrier liable to pay the same." Rule 21 provides, among other things, that, if the employee elects to pursue his remedy against the third party tort feasor, he shall notify that Court and the Workmen's Compensation insurance carrier in writing, that no particular form of notice is required, and that, if the claimant fails to effect "such notification", the (Industrial) Court will make no award against the insurance carrier for a deficiency if he recovers and collects less than his compensation would have been under the Workmen's Compensation Act.

The question submitted to the trial court, by stipulation, at the beginning of its April, 1966, hearing as to its jurisdiction of the subject claim was: "Did the settlement of claimant's rights with the third party tort feasor, without written notice to the respondents and insurance carriers, abrogate his rights to recover under the Workmen's Compensation Law?" (Insofar as concerns the issues in this appeal, the "written approval" referred to in § 44, supra, is the equivalent of the written "notice" referred to in Rule 21, supra.)

Claimant's first two periods of hospitalization for his injuries were from May 11th to May 22nd, and from May 29th to June 8th, all in 1965. During these periods, he had no attorney, and was contacted both by one Rudy Greer, an independent insurance adjuster representing the respondent, Dealers Insurance, and by one Bob Teele, an adjuster for Eden's insurer, State Farm. Both Greer and Teele took written statements from claimant; and it was stipulated that if Greer had been called as a witness, he would have testified:

"* * * that he advised the claimant that he had a choice of remedies, namely that he could recover temporary compensation at $37.50 per week plus his medical expenses, plus any permanent disability he might have as a result of the accident from his employer or its insurance carrier in which case the employer would be subrogated for their payments against the third-party defendant, Louie P. Eden and State Farm Insurance Company * * *", that "He also advised the claimant that since no bills had been paid by the employer at that time, that the claimant could pursue his claim against the third party directly and on his own and recover his own medical expenses as well (as) disability and pain and suffering. * * *"

As a witness on his own behalf, claimant testified that he told Greer that, on Teele's second trip to his hospital room, he (Teele) wanted to settle with claimant; that Teele knew that claimant was covered by a Workmen's Compensation policy, but that Teele told him his company "would pay me off on *thier* part of it and then if they didn't cover it why the State would take up the rest of it"; that he talked to Greer about Teele's proposal of settlement; that Greer told claimant that accepting said proposal would get him more money out of it "and more at one time"; that, in this connection, Greer also stated "Well, I don't know * * * but * * * I think that would be

your proper way to go on it." Claimant further testified that Greer never offered to get his doctor's bills paid; that claimant didn't know, nor was he advised, that Dealers Insurance was liable for his hospital and doctor bills, in addition to compensation of $37.50 per week; that claimant made the settlement with Teele because he wanted his doctor bills paid; that, in making this settlement, he did not intend to abandon his right to Workmen's Compensation; that he was never advised as to the limits of his rights under the Workmen's Compensation Law and that he did not know, and was never told, that accepting a settlement of his claim against Eden would constitute an abandonment of his right to, or bar him from, Workmen's Compensation. Claimant further testified that he "figured" he had a right to talk to an attorney before he made the settlement with Teele " * * * but most insurance companies don't want you to talk to any attorney."

■ While we have held in Bond Marble & Tile Office v. Rose, Okl., 322 P.2d 1063 and De Shazer v. National Biscuit Company, 196 Okl. 458, 165 P.2d 816 (cited by respondents) that the provisions of § 44 supra, are mandatory, and that the failure of an injured employee to comply with them bars his right to workmen's compensation benefits from his employer, we have also held that, under some circumstances, the employer may waive, or the employee be excused from complying with, certain provisions of said Section and Rule 21, supra. See L.B. Jackson Drilling Co. v. Prichard, Okl., 308 P.2d 284, Ladd v. Hudson, 143 Okl. 174, 288 P. 331, and Noble Drilling Co. v. Murphy, 131 Okl. 34, 267 P. 659.

■ Here, the undisputed evidence shows that the employer, C–M, or its insured, Dealers Insurance, knew, through the latter's representative, Greer, of the claimant's impending settlement with State Farm's Mr. Teele on Eden's behalf. If the testimony of the claimant is to be believed, they might be deemed to have encouraged, or advised, it. We think that,

on the basis of this testimony, the circumstances supporting a conclusion that the respondents waived, or claimant was excused from obtaining, the written approval, or giving the written notice prescribed by the Statute and the Rule, supra, are similar enough to those in the first two cases above cited that the trial tribunal's ruling of January, 1967, on the question submitted to it, cannot be held to be contrary to law or to the evidence. Said Court's order of that date is therefore upheld.

■ Under their "PROPOSITION THREE" respondents contend that the claimant's award based upon a disability of 60 percent to his body as a whole was excessive, and that the medical evidence does not support it. This argument is without merit, and is facilitated by citing a portion of Dr. H's testimony out of the context of other portions of it. Consideration of all of Dr. H's testimony together, and in context, plainly shows that there is no valid foundation in it for concluding that 7½ to 10 percent should be deducted from claimant's 60 percent disability, to which this witness testified, and that, mentioning the lesser percentages, Dr. H was merely suggesting the extent to which claimant may have been disabled by a previous accident which occurred in the State of Washington during 1954, and from which claimant had fully recovered sometime before the accident involved here. Nor does the fact that respondents' medical witness, Dr. Mc, estimated that claimant's partial permanent disability to the body as a whole was only 20 percent, demonstrate that the claimant's award is without competent evidence to support it.

■ Under their "PROPOSITION TWO", respondents urge that claimant's award should be reduced by the $4500.00 he received, as aforesaid, in settlement of his claim against Eden. We agree. Section 44, supra, specifically limits a claimant's recovery of workmen's compensation, where he has settled with the third party tort feasor, to the deficiency, if any, between the amount he has collected from the

third party, and the compensation provided by the Workmen's Compensation Act. We have approved the deduction of such collections from compensation awards that claimants would have otherwise obtained in several cases (see L. B. Jackson Drilling Co. v. Prichard, supra, and State Highway Department v. Elledge, 202 Okl. 1, 209 P.2d 704) and we think that a like deduction should have been made in this case. This case is therefore remanded to the State Industrial Court with directions to modify its previous award of $11,500.00 by reducing it in the amount of $4500.00. As so reduced and modified, the award will stand sustained.

All the Justices concur.