Weldon BOLINGER and Rosalee Bolinger, as Co-administrators of the Estate of Glen Bolinger, Deceased, Weldon Bolinger and Rosalee Bolinger, Appellants,

v.

Ken KIBURZ, Appellee.

No. 61080.

Supreme Court of Iowa.

Oct. 18, 1978.

Robert W. Reynoldson, of Reynoldson, Van Werden, Kimes & Reynoldson, Osceola, for appellants.

Richard G. Santi, of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellee.

Considered by REES, P. J., and HARRIS, McCORMICK, McGIVERIN, and LARSON, JJ.

McCORMICK, Justice.

Plaintiffs in this wrongful death action appeal from summary judgment entered for defendant based on his defense of election of remedies. We reverse and remand because we hold that the defense was not established.

Weldon Bolinger and Rosalee Bolinger brought this action individually and as co-administrators of the estate of their deceased sixteen-year-old son Glen. In their petition they alleged that Glen was illegally employed by defendant Ken Kiburz. They averred that the boy was killed during and within the course of employment on June 26, 1975, when the brakes on defendant's sod truck failed on a hill and the truck overturned upon him. They sought wrongful death damages for Glen's estate and damages under rule 8, Rules of Civil Procedure, for themselves.

Defendant urged a defense of election of remedies and subsequently moved for summary judgment on that ground. For purposes of the motion defendant admitted Glen was employed by him in violation of § 92.8(2), The Code, which prohibits employment of persons under 18 years of age as motor vehicle helpers. It was admitted by the Bolingers that they had retained attorney William Warin of Mt. Ayr who requested worker's compensation benefits for them as Glen's parents from defendant's worker's compensation insurer, Insurance Company of North America. They also admitted they received a check for $1000 from INA for funeral expenses and no further worker's compensation benefits were payable. They acknowledged discussing worker's compensation and common-law remedies with the attorney but said they concluded the worker's compensation claim was the only viable remedy and did not realize it was exclusive. They testified they did not believe they were settling their worker's compensation claim when they accepted the $1000 check. They signed no papers. They tendered the $1000 back to INA shortly after bringing this action, but the tender was not accepted.

Attorney Warin said in an affidavit he did not tell the Bolingers they had to choose between worker's compensation and a common-law claim. He asserted he had discussed the matter with a representative of INA and as a result of the discussion believed acceptance of the $1000 check did not constitute an election of remedies.

The INA representative gave an affidavit in which he denied making any statements to attorney Warin regarding the legal rights of the Bolingers except to advise him that the $1000 was the only benefit payable under worker's compensation.

The trial court sustained the motion for summary judgment, and this appeal followed.

■ Election of remedies is an equitable defense. Because it is not favored, it is applied narrowly. *Friederichsen v. Renard*, 247 U.S. 207, 213, 38 S.Ct. 450, 452, 62 L.Ed. 1075, 1084 (1918) ("At best this doctrine of election of remedies is a harsh, and now largely obsolete rule, the scope of which should not be extended . . . ."). Its purpose is to protect a person from the vexation of contradictory claims by a single party.

■ The question of applicability of the doctrine is one of law for the court to decide. *State v. Pressley*, 74 Ariz. 412, 250 P.2d 992 (1952); see *Smith v. State Farm Mutual Automobile Insurance Company*, 248 N.W.2d 903 (Iowa 1976), and citations.

■ Three elements must be established by a party relying on the doctrine: (1) existence of two or more remedies, (2) inconsistency between them, and (3) a choice of one of them. *Stroh Corp. v. K. & S. Development Corp.*, 247 N.W.2d 750, 753 (Iowa 1976).

The first element is satisfied because two remedies exist.

At one time our worker's compensation statute was inapplicable to a minor whose employment was unlawful. See *Secklich v. Harris Emery Co.*, 184 Iowa 1025, 169 N.W. 325 (1918). He was limited to his remedy at common law. However, in 1945 the statute was amended to give minors the benefit of worker's compensation regardless of the legality of their employment. Acts 51 G.A. ch. 79 § 1; see § 85.61(4), The Code.

Subsequently, this court held the effect of the statute was to give the minor an additional, alternative remedy:

> The plain meaning of the statute is that it lowered the bars and permitted but did not require illegally employed minors to resort to the compensation laws. It is our conclusion the common-law action remained. *Lodge v. Drake*, 243 Iowa 628, 631, 51 N.W.2d 418, 420 (1952).

This is not a case where a litigant mistakenly pursued a remedy to which he was not entitled. Cf. *Smith v. State Farm Mutual Automobile Insurance Company*, supra, at 906–907. The Bolingers were compensated under their first remedy; therefore, it was a viable remedy within the meaning of the doctrine.

We also believe the second element of the doctrine is established.

■ The legislature has made the worker's compensation remedy exclusive. § 85.-20, The Code ("The rights and remedies provided in this chapter . . . shall be exclusive and only rights and remedies of such employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise . . . ."). Remedies are inconsistent within the meaning of the election of remedies doctrine if the party against whom the doctrine is asserted has pursued one remedy to the point he adopts a contradictory position in attempting to pursue the other. One position must negate or repudiate the other. *Lindburg v. Engster*, 220 Iowa 1073, 1084–1085, 264 N.W. 31, 36–37 (1935).

■ Ordinarily the inconsistency depends on whether the facts relied on as the basis of one remedy are repugnant and contradictory to the facts relied on as the basis of another remedy. When the theories of recovery are factually consistent, an inconsistency does not arise until one of the remedies is satisfied. Thus, consistent remedies may be pursued concurrently even to final adjudication, but the satisfaction of one claim bars the other one. *Kapp v. Bob Sullivan Chevrolet Co.*, 232 Ark. 266, 335 S.W.2d 819 (1960); *Marks v. Fields*, 160 Fla. 789, 36 So.2d 612 (1948); *Paoli v. Zipout, Inc.*, 21 Ill.App.2d 53, 59, 157 N.E.2d 79, 83 (1959) ("It has been uniformly held that the prosecution of a remedy to a judgment on the merits and full satisfaction thereof constitutes a conclusive choice precluding subsequent pursuance of an inconsistent remedy."); *Farmers and Merchants Bank v. Universal C.I.T. Credit Corp.*, 4 Utah 2d 155, 289 P.2d 1045 (1955); *Bank of Commerce v. Paine, Webber, Jackson & Curtis*, 39 Wis.2d 30, 158 N.W.2d 350 (1968); 25 Am.Jur.2d Election of Remedies § 12 at 654, § 19 at 661; 28 C.J.S. Election of Remedies § 3b at 1063–1064.

In the present case the Bolingers did receive satisfaction on the worker's compensation claim. It then became inconsistent for them to seek the alternative common-law remedy.

Although plaintiffs contend the worker's compensation benefit would not be duplicated by a common-law damage award, this is not the test. Because the two remedies are alternative, plaintiffs may obtain satisfaction of only one of them. See § 85.20, The Code.

■ We find no merit in plaintiffs' assertion they are not bound as administrators of Glen's estate by what they did as his next of kin. Apart from other possible bases for holding them to be bound as administrators, the worker's compensation statute does not permit them to pursue a remedy as administrators which they could not pursue as next of kin. §§ 85.61(4), 85.20, The Code.

Nor do we find merit in plaintiffs' allegations of misrepresentation by the INA representative. Plaintiffs did not offer specific facts through the testimony of attorney Warin or otherwise to support these allega-

tions of their resistance to the motion. They may not rest on their pleading. Rule 237(e), R.C.P.

However, we agree with plaintiffs that defendant did not establish the third element of the election of remedies doctrine. It was his burden to do so.

■ In seeking to meet this burden, defendant contends the Bolingers can not rely on their ignorance of the law or mistake as to their remedy. We disagree. Ignorance of the law and mistake are excuses for avoiding the election of remedies defense. The doctrine "is not intended either as a trap or as a penalty for a mere mistake." *Sackett v. Farmers State Bank of Boone,* 209 Iowa 487, 493, 228 N.W. 51, 54 (1929).

■ Election presupposes the knowledge of alternatives with an opportunity for choice. *Hull v. Padgett,* 207 Iowa 430, 447, 223 N.W. 154, 161 (1929); *Eckstein v. Caldwell,* 61 R.I. 142, 147, 200 A. 434, 437 (1938). The choice must be intelligent and intentional. *Lindburg v. Engster,* supra, 220 Iowa at 1084, 264 N.W. at 37.

■ When the first remedy is pursued in ignorance of the other, whether the ignorance is of fact or law, equity will provide relief in the absence of estoppel or injury to third persons. *State v. Pressley,* 74 Ariz. 412, 250 P.2d 992 (1952) (election requires knowledge of the remedies and that the acceptance of one waives the right to the other—acceptance of compensation benefits is not always an election); *Taylor v. Robertson Petroleum Co.,* 156 Kan. 822, 137 P.2d 150 (1943); *Anaconda Aluminum Company v. Sharp,* 243 Miss. 9, 136 So.2d 585 (1962); *Noble Drilling Co. v. Murphy,* 131 Okl. 34, 267 P. 659 (1928); *Simpson v. Equitable Life Assur. Soc.,* 127 Pa.Super. 386, 193 A. 309 (1937) (a supposed election made by one under a mistake of facts or a misconception as to his rights is not binding); *Gardner v. Gauthier,* 101 Vt. 147, 141 A. 682 (1928); *Letterman v. City of Tacoma,* 53 Wash.2d 294, 333 P.2d 650 (1958); 25 Am. Jur.2d Election of Remedies § 22; 28 C.J.S. Election of Remedies § 24.

■ Defendant contends the Bolingers are barred by imputed knowledge of the facts upon which their choice was made. See *Kearney Milling & Elevator Co. v. Union Pac. R. R.,* 97 Iowa 719, 723, 66 N.W. 1059, 1061 (1896). However, this does not provide a basis for charging the Bolingers with knowledge of their remedies so that they made a "deliberate and settled choice" as required for application of the doctrine. *Id.* Moreover, in view of the disfavor of the doctrine and its equitable nature, the binding force of an election should not be predicated on mere imputed knowledge of fact or law. See *City National Bank v. McCann,* 193 Ark. 967, 106 S.W.2d 195 (1937); *Noble Drilling Co. v. Murphy,* 131 Okl. 34, 267 P. 659 (1928).

■ We hold that the third element of the doctrine is not satisfied when the party sought to be bound acted either without full knowledge of the facts or of correct principles of law applicable to the remedies involved.

The Bolingers testified they thought the worker's compensation remedy was their only viable remedy and were unaware it was exclusive. Further, they said they did not understand that in accepting the check for funeral expenses they were even settling their worker's compensation claim. We believe this evidence is credible. Certainly they had a right to rely on their lawyer's advice. Under this record we hold defendant did not establish the third element of his election of remedies defense.

The trial court erred in sustaining the motion for summary judgment. The case must be reversed and remanded for trial.

REVERSED AND REMANDED.