Richard J. GOURLEY, Appellant,

v.

Ronald NIELSON, Appellee.

No. 66426.

Supreme Court of Iowa.

April 21, 1982.

Jack C. Paige of Brown, Kinsey & Funkhouser, Mason City, for appellant.

Jon Stewart Scoles of Warren L. DeVries Law Office, Mason City, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McGIVERIN, and SCHULTZ, JJ.

LeGRAND, Justice.

The question here is whether plaintiff waived his right to recover from defendant by accepting workers' compensation benefits for injuries received in his employment. The trial court found for defendant on his motion for summary judgment, holding there had been an election of remedies. We reverse and remand for trial.

While employed by Nielson Excavating, Inc., plaintiff suffered injuries which resulted in the amputation of his left thumb and attached tendons. He was paid approximately $14,000 under the Workers' Compensation Act.

He brought this action under section 85.-22, The Code, against Ronald Nielson, a fellow employee, alleging Nielson's gross negligence had been the proximate cause of his injury. Defendant filed a motion for summary judgment, setting out that plaintiff and defendant were both employees of Nielson Excavating, Inc. at the time of the accident; that plaintiff had collected Workers' Compensation benefits for his injury; and that he cannot collect both Workers' Compensation benefits and recover from a fellow employee. The trial court entered summary judgment· for defendant and plaintiff appeals.

The record consists of the pleadings, answers to defendant's request for admissions, and the oral testimony of plaintiff at the hearing. The only issue before us is whether the trial court was right in ruling plaintiff had made an election of remedies by accepting the benefits of the Worker's Compensation Act following his injury.

In *Craven v. Oggero*, 213 N.W.2d 678, 680–81 (Iowa 1974), we held an injured workman could recover from a fellow employee whose negligence caused his injury

in addition to receiving the benefits of the compensation act. After *Craven*, the legislature amended section 85.22, The Code, to limit recovery against a fellow employee to only those cases in which the injury had been caused by the fellow employee's gross negligence.

Defendant's motion for summary judgment, filed pursuant to Iowa R.Civ.P. 237, asserted plaintiff had elected to take benefits under the Workers' Compensation Act and is therefore barred from recovering in the present action.

■ Election of remedies is an equitable doctrine which prohibits a party from pursuing inconsistent remedies as redress for the same wrong. We recently considered the principle in *Bolinger v. Kiburz*, 270 N.W.2d 603, 605 (Iowa 1978) (citations omitted), where we said:

> Election of remedies is an equitable defense. Because it is not favored, it is applied narrowly. . . . Its purpose is to protect a person from the vexation of contradictory claims by a single party.
>
> . . . .
>
> Three elements must be established by a party relying on the doctrine: (1) existence of two or more remedies, (2) inconsistency between them, and (3) a choice of one of them.

■ We pass the first two elements because there is no dispute concerning them. The sole difference centers around the third: Did plaintiff make an election of one of two available remedies and thus deprive himself of the right to pursue the other?

We quote again from *Bolinger*:

> Election [of remedies] presupposes the knowledge of alternatives with an opportunity for choice. . . . The choice must be intelligent and intentional.

270 N.W.2d at 607 (citations omitted).

Plaintiff insists his election was neither "intelligent nor intentional" because he did not know the alternatives available to him or have knowledge of the consequences of accepting Workers' Compensation payments.

After plaintiff's injury, he consulted his attorney, who advised him concerning his rights under the Workers' Compensation Act. At the hearing on the motion, plaintiff stated he was not told that acceptance of benefits under the Act would bar a separate action against his co-employee for gross negligence. In response to an earlier request for admissions, however, he had stated he accepted the benefits of the Workers' Compensation Act, an admission the trial court relied on strongly in deciding there had been an election of remedies.

There is nothing, however, to indicate "election" was used, either in the request or in the admission, in its technical sense as defined in *Bolinger*. Plaintiff did, of course, accept the benefits of the Act. His testimony at the hearing on the motion for summary judgment explains he understood this satisfied any claim against his employer but did not prohibit recovery from his fellow employee for gross negligence.

Viewing the entire record in the light most favorable to plaintiff, we believe this raises a genuine issue of material fact which must be decided by trial, not by a summary judgment motion. *See Barnhill v. Davis*, 300 N.W.2d 104, 105 (Iowa 1981). If he acted without full knowledge of the facts or because he did not understand the correct principles of law, there was no election of remedies. *See Bolinger*, 270 N.W.2d at 607. The trial court was wrong in ruling defendant was entitled to judgment as a matter of law.

■ As already noted, the only issue raised is whether there has been an election of remedies. We reserve for determination when properly preserved and presented on appeal whether the doctrine of election of remedies is applicable to sections 85.20 and 85.22, The Code. We mention the doctrine is not regarded favorably in workers' compensation cases. *See* 2A A. Larson, *The Law of Workers' Compensation* § 73.30 (1976).

For the reasons stated we reverse the trial court and remand this case for trial.

REVERSED AND REMANDED.