Jeffrey L. HARNED and Kathy L. Harned, Appellants,

v.

FARMLAND FOODS, INC., and Aetna Life & Casualty Insurance Company, Appellees.

No. 67785.

Supreme Court of Iowa.

March 16, 1983.

James R. Van Dyke, Carroll, for appellants.

J.D. Hilmes of Duncan, Jones, Riley & Finley, Des Moines, for appellees.

HARRIS, Justice.

The parties here dispute even the nature of their dispute. Defendants, employer and insurance company, see the suit as a workers' compensation case. Plaintiffs think the suit merely arose as an aftermath of a workers' compensation case. Either way we think the trial court was correct in holding the dispute belonged before the industrial commissioner. We affirm a ruling which sustained defendants' motion to dismiss.

In filing their motion to dismiss defendants, for the purposes of the motion, assume plaintiffs' allegations of fact. Ruling of such a motion is not discretionary; it rests on legal grounds which we review on error. *Berger v. General United Group, Inc.,* 268 N.W.2d 630, 633 (Iowa 1978).

Plaintiff Jeffrey Harned suffered a back injury on February 11, 1980, while working for defendant employer Farmland Foods, Inc. On February 19, 1980, while hospitalized from the injury, he asked Farmland and defendant Aetna Life and Casualty Insurance Company, Farmland's insurer, that he be given chiropractic care.

Plaintiffs state that when Jeffrey requested the chiropractic care defendants told him it was their policy not to pay for any chiropractic care with workers' compensation insurance for any of Farmland's employees. Both the employer and insurer refused to provide chiropractic care. This suit resulted from the refusal.

Plaintiffs allege they were injured by the denial of chiropractic care. They allege the denial caused him unnecessary surgery, pain, and disability beyond that suffered in his original injury.

The petition is in several counts: negligence; breach of a third-party beneficiary contract; conspiracy; extreme and outrageous conduct causing severe emotional distress; punitive damages; and loss of consortium. Plaintiffs insist this claim (denial of chiropractic care) does not constitute an injury arising out of and in the course of employment as defined by the workers' compensation law. (Iowa Code ch. 85) They maintain the claim is for a separate and distinct injury not covered by workers' compensation. The trial court disagreed. Citing policy reasons it held the case belonged before the industrial commissioner rather than the court.

Under Iowa Code § 85.3 employers of Iowa residents are within the jurisdiction of the industrial commissioner. The provisions of the act are intended to be "the exclusive and only rights and remedies of [an] employee . . . at common law or otherwise . . . against . . . his or her employer. . . ." Iowa Code § 85.20. Section 85.22 provides some relief for an employee who is injured by others.

The act also spells out the duties of an employer in providing medical services to injured employees. The services are expected to be reasonable but the employer may choose the type of reasonable care to be provided. § 85.27.

The fourth paragraph of section 85.27 is especially significant and revealing. It specifies that an employee who is not satisfied with the type of care being provided by an employer may apply to the industrial commissioner for an order directing alternative care.

The office of industrial commissioner is established under Iowa Code ch. 86. Section 86.8 specifies the commissioner's gener-

al duties. Section 86.11 requires employers to report all employees' injuries to the industrial commissioner. Under Iowa Administrative Code 500–4.1(3), a dispute over benefits arising under § 85.27 is deemed a contested case proceeding by the industrial commissioner. Appeal within the agency is provided by section 86.24, and a party may seek judicial review of the commissioner's decision under section 86.26.

"The primary purpose of the workers' compensation statute is to benefit the worker and his or her dependents, insofar as statutory requirements permit." *McSpadden v. Big Ben Coal Co.,* 288 N.W.2d 181, 188 (Iowa 1980). *Accord, Caterpillar Tractor Co. v. Shook,* 313 N.W.2d 503, 506 (Iowa 1981) ("Thus the statute is to be interpreted liberally with a view toward that objective.")

The legislature has plainly tried by the foregoing statutes to protect employers from facing tort suits brought by injured employees. It should certainly not be necessary to repeat here that this protection is in exchange for advantages to employees under the workers' compensation act. The protection is a worthy goal, much in the public interest, including the interests of employees who have a great deal at stake in the act.

The plaintiffs here freely concede that Harned's injury falls under the act and that they are not entitled to recover for any loss covered by the act. They seek to escape the confines of the statutory scheme by arguing that the act should not protect employers from the consequences of their *intentional,* as distinguished from their *negligent* torts. They say they are seeking "money over and above the workers' compensation benefits" for the intentional torts alleged in their petition.

The plain language of section 85.20 refutes any contention that an employee can sue an employer:

> The rights and remedies provided in this chapter ... for an employee on account of injury ... shall be the exclusive and only rights and remedies of such employee ... at common law or otherwise, on account of such injury ... against:
>
> 1. his or her employer; or
> 2. any other employee of such employer, provided that such injury, occupational disease, or occupational hearing loss arises out of and in the course of such employment and is not caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another.

In *Craven v. Oggero,* 213 N.W.2d 678, 680–81 (Iowa 1973), we allowed an injured worker to recover from a fellow employee whose negligence caused his injury, determining that the cause accrued in addition to workers' compensation benefits. The legislature thereafter amended sections 85.20 and 85.22 to limit recovery against a fellow employee to cases of gross negligence. 1974 Iowa Acts ch. 1111, §§ 1, 2. *See Gourley v. Nielson,* 318 N.W.2d 160, 161 (Iowa 1982). The legislature is obviously aware of an employer's blanket immunity and seems anxious to protect it. It could have created an exception for the gross negligence or intentional torts of an employer when it did so for fellow employees but chose not to do so. A commentator agrees:

> The rights and remedies of covered employees and any dependents claiming through them by reason of an injury are generally exclusive—they have no common law right of recovery against their employer or fellow employees. An exception to this rule exists if it can be established that the injury was due to to the gross negligence of a fellow employee. If the injury was due to a fellow employee's gross negligence, then a common law claim may be made against a fellow employee, including any supervisory personnel. Also, employers who fail to furnish evidence of insurance coverage or do not otherwise qualify for self-insurance status subject themselves to common law claims for work-incurred injuries.

Hedberg & Vonderhaar, *An Overview of the Iowa Workers' Compensation Act,* 30 Drake L.Rev. 809, 812 (1980–81).

Plaintiffs point to cases from other states which have refused to immunize employers from liability for their intentional torts against employees. These cases, however, do not deal with a dispute over the manner or type of health care. Neither do they involve a statute, like section 85.27, which grants the employer the power to select the treatment. *See, e.g., Stafford v. Westchester Fire Insurance Co.,* 526 P.2d 37 (Alaska 1974) (employer's counterclaim against insurance carrier for emotional distress based on intentional withholding of benefits not barred by exclusive provisions of workers' compensation act); *Gibson v. National Ben Franklin Ins. Co.,* 387 A.2d 220 (Me.1978) (employee's claim against insurance company for willful failure to pay benefits which resulted in emotional distress is not barred by workers' compensation act). *See also,* A. Larson, *The Law of Workmen's Compensation,* § 68.34 (test for allowing employee's suit should be whether or not the subsequent harm is so separated in time and nature from the original physical injury that it cannot be said to be a mere extension of the original injury). Plaintiffs suggest that our own decision in *Fabricius v. Montgomery Elevator Co.,* 254 Iowa 1319, 1321–22, 121 N.W.2d 361, 363 (1963), is consistent with Larson's test.

For our purposes here it is unnecessary to rely on Larson's test. With or without it we think plaintiffs' action was properly dismissed. The facts here suggest plaintiffs' claim was simply one of failure to provide requested care. There is nothing to indicate an intentional tort. Plaintiff was simply hospitalized after his injury and determined that chiropractic care would be the best thing for his injury. Under section 85.27 his employer could choose the medical care for him so long as it was reasonable. Exercising that choice the employer decided not to provide chiropractic care. The choice did not become unreasonable simply because the employee disagreed with it.

AFFIRMED.

All Justices concur, except CARTER, J. and REYNOLDSON, C.J., who dissent and McCORMICK, J., who takes no part.

CARTER, Justice, dissenting.

I dissent because I cannot conclude that the exclusive remedy provision of Iowa Code section 85.20 (1981) applies to all of the claims for which the plaintiff seeks to recover in his petition. As to plaintiff's claims against the insurance carrier, the exclusive remedy provision of section 85.20 is expressly limited to claims against an employer or other employee of such employer. The statute affords no defense to a direct action against an insurance carrier for alleged torts it has visited on an injured employee.

As to plaintiff's claims against his employer, the exclusive remedy provision of section 85.20 only extends to rights and remedies "on account of injury ... for which benefits under [the workers' compensation act] are recoverable." Whatever their merit or lack thereof, it appears that at least some of the plaintiff's claims are cognizable, if at all, entirely outside the scope of the workers' compensation act.

It is alleged that the employer willfully withheld from the employee the medical care to which he was entitled under the compensation act and that, as a result, he required additional surgery which could have been avoided and lost time from work which otherwise would not have been the case. I do not believe that such claims are of the type for which benefits under the compensation act are recoverable. The same is true for plaintiff's claims alleging intentional infliction of emotional distress as a result of alleged outrageous conduct by the employer.

I believe the trial court erred in dismissing plaintiff's petition in its entirety based upon the exclusive remedy provision of the compensation act and would reverse the judgment for that reason.

REYNOLDSON, C.J., joins this dissent.