COMMONWEALTH vs. BRIAN R. HOGAN
(and two companion cases [1]).

Plymouth. February 7, 1983. — June 14, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Grand jury proceeding, Evidence obtained in civil action.

Fairness did not require allowance of defendants' motions to dismiss larceny indictments on the ground that the indictments were based on evidence obtained in civil actions improperly commenced against them by a town, where the judge found, on sufficient evidence, that the civil actions were commenced in good faith to recover for substantial alleged injuries, and that no evidence obtained in the civil proceedings contributed to the defendants' indictments or convictions. [452-453]

INDICTMENTS found and returned in the Superior Court on March 15, 1977.

Motions to dismiss were heard by *Dwyer*, J., and the cases were tried before *Brogna*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct appellate review on its own initiative.

*James R. DeGiacomo (John W. Gahan, III, & Anne H. Stossel* with him) for the defendants.

*Charles J. Hely*, Assistant District Attorney, for the Commonwealth.

LIACOS, J. The defendants, Brian R. Hogan and Resource Systems, Inc. (RSI), were convicted by a jury on July 20, 1977, on three indictments charging larceny in excess of $100. The indictments arose out of the operation by RSI of a solid waste disposal area located in the town of Wellesley (town). In their appeal the defendants claim error in the denial of motions to dismiss the indictments. We

---

[1] Two indictments were returned against Resource Systems, Inc.

transferred the case to this court from the Appeals Court on our own motion.

The facts, as found by the Superior Court judge who heard the motion, are as follows. Between November, 1975, and January, 1976, the Wellesley police department investigated certain allegations concerning the defendants' operation of the town's incinerator. In January, 1976, Mr. Albert F. Cullen, Jr., was appointed special counsel for the town. Reports generated by the police investigation were turned over to him, and he launched his own investigation with a view toward both civil and criminal litigation. In March, 1976, Mr. Cullen commenced a civil action seeking damages on behalf of the town against the defendants. Thereafter, Mr. Cullen filed a request for the production of documents of RSI, and numerous business records were turned over to him. In September, 1976, a deposition of Hogan was taken and impounded under an order issued by a judge of the Superior Court. In November, 1976, and February, 1977, Mr. Cullen testified before the Norfolk county grand jury investigating the operation of the incinerator. During his testimony, Mr. Cullen provided evidence that was available from both the Hogan deposition and independent sources. None of the business records of RSI was turned over to the office of the district attorney, and Mr. Cullen was not associated with that office before the indictments were returned.[2]

The defendants argue that fairness requires that the indictments be dismissed because they were based on evidence which the Commonwealth obtained through the civil actions which were commenced improperly against them.[3] We affirm the convictions.

___

[2] After the indictments were returned, Mr. Cullen was appointed a special assistant district attorney to pursue matters, unrelated to the instant case, that he learned of during his tenure as special counsel to the town. The defendants filed motions for a new trial raising the same issues we discuss here, in which they asserted that this fact constituted newly discovered evidence. The motions were denied, and the defendants have not taken any appeal from their denial.

[3] The defendants do not assert that their privileges against self-incrimination were violated.

We need not decide today in what circumstances the commencement of a civil action to obtain evidence for a criminal prosecution possibly may require the dismissal of criminal indictments. See generally *United States* v. *Kordel,* 397 U.S. 1, 11-12 (1970). The evidence before the judge who ruled on the motion to dismiss supports his findings that the civil action was a bona fide action commenced to recover for a substantial injury which the town allegedly suffered, and that none of the evidence obtained in the civil proceedings contributed to these indictments or convictions.

There is also ample evidence to support the judge's finding that the impoundment order as to the deposition of the defendant Hogan had not been violated. Neither the office of the district attorney nor the grand jury received a transcript of the deposition. The defendant's counsel conceded to the motion judge that he had been unable to find a single instance where Mr. Cullen disclosed any statement made by Hogan during his deposition. Further, Mr. Cullen testified that he did not provide the grand jury with any information which he obtained exclusively from Hogan's deposition.[4] The judge was warranted in finding that Hogan's deposition did not contribute to the indictments.

The evidence before the motion judge also supports his finding that none of RSI's records was turned over to the district attorney's office. Mr. Cullen testified that he did not furnish either to the district attorney or to the grand jury any documents obtained during the civil action. He also testified that he did not discuss the contents of the documents during his testimony before the grand jury. The judge's finding on this point is supported by the evidence before him.

In the absence of any showing that the civil proceeding improperly contributed to the indictments against these defendants, we decline to adopt a rule requiring that the in-

[4] During the hearing, Mr. Cullen identified the independent sources of his information. We note that the information appears to relate to collateral matters. We note also that forty witnesses testified before the grand jury.

dictments be dismissed.[5]  Parallel civil and criminal pro-
ceedings are not objectionable per se. See *United States* v.
*Kordel, supra* at 11-13; *SEC* v. *Dresser Indus., Inc.,* 628
F.2d 1368, 1374-1377 (D.C. Cir.) (en banc), cert. denied,
449 U.S. 993 (1980).

*Judgments affirmed.*

---

[5] We also reject the claim that the indictments must be dismissed be-
cause Mr. Cullen cooperated with the office of the district attorney.
Without something more, such conduct is not improper.  *SEC* v. *Dresser
Indus., Inc.,* 628 F.2d 1368, 1384-1387 (D.C. Cir. 1980).  Thus, the fact
that Mr. Cullen kept the district attorney informed of developments in his
investigation and made a witness available for testimony before the grand
jury is not in and of itself objectionable.