STATE of Iowa, Appellant,

v.

Donald HALVERSON, Appellee.

STATE of Iowa, Appellant,

v.

Ronald L. WOODS, Appellee.

Nos. 84–230, 84–232.

Supreme Court of Iowa.

Feb. 13, 1985.

Thomas J. Miller, Atty. Gen., and Susan Barnes Brammer, Asst. Atty. Gen., for appellant.

Virgil Moore of Virgil Moore, P.C., for Des Moines, for appellees.

REYNOLDSON, Chief Justice.

The question presented by these two consolidated criminal cases is whether it is permissible for a county attorney to maintain criminal prosecutions against parties who have been named as defendants by the attorney general in a civil action under Iowa Code section 714.16 (consumer frauds), and the Motor Vehicle Information and Cost Savings Act, 15 United States Code, sections 1981–1991.

I. November 22, 1983, the attorney general filed an equity petition in district court for Polk County naming as defendants Ronald L. Woods, Donald Halverson and Des Moines Mobile Home Sales, Ltd. The petition alleged the defendants had violated the above Iowa and federal statutes by altering odometers on at least nine vehicles to show lower mileage. The petition prayed for a temporary and permanent injunction restraining defendants from this unlawful activity, for treble damages (or $1500) for each violation, and for reasonable expenses including investigations, attorney fees and costs. The attorney general filed with the petition a set of interrogatories and a request for production.

November 23 the Polk County attorney filed trial informations against Halverson and Woods. Each defendant was accused of falsifying odometers in the course of transferring ownership of two vehicles, violations of Iowa Code sections 321.71(7), (8) and (11).

January 5, 1984, Woods and Halverson each filed a motion to dismiss the criminal charges. They argued that commencement of a criminal prosecution for acts about which defendants were required to testify in connection with the civil suit was a violation of Iowa Code section 714.16(4)(c).[1]

January 17 the district court for Polk County extended to February 17 defendants' time for filing an answer and responding to discovery in the civil case. The next day, the attorney general withdrew the interrogatories he had filed with his petition.

January 19 the Polk County attorney filed a resistance to the motions to dismiss. The resistance denied defendants' allegations that the attorney general had required them to testify in the civil proceeding, pointing out the interrogatories had been withdrawn on January 18.

February 2, 1984, the district court sustained the motions to dismiss. Ignoring Iowa Code section 714.16(4)(c), upon which the two defendants relied, the court reasoned that the State was required to elect which of "two concurrent, inconsistent

---

1. Section 714.16(4)(c) provides:

In any civil action brought pursuant to this chapter, the attorney general shall have the right to require any defendant to give testimony, and no criminal prosecution based upon transactions or acts about which he is questioned and required to give testimony shall thereafter be brought against such defendant.

remedies" it would pursue. Because it filed the civil action first, the State was limited to the remedies set out in section 714.16. Accordingly, the criminal charges against both Woods and Halverson were dismissed.

We granted the attorney general's timely application for discretionary review.

These appeals present two issues: (1) Did the district court err in holding that the election of remedies doctrine precluded the filing of criminal charges against Woods and Halverson when a civil suit under Iowa Code section 714.16 arising out of the same transactions was pending against the same defendants? (2) Did the Polk County attorney violate section 714.16(4)(c) by filing criminal charges against Woods and Halverson when the attorney general's interrogatories were on file but not yet answered?

■■ II. Election of remedies is an equitable defense. *Gourley v. Nielson*, 318 N.W.2d 160, 161 (Iowa 1982); *Bolinger v. Kiburz*, 270 N.W.2d 603, 605 (Iowa 1978). It is applied narrowly because it is not favored. *Gourley*, 318 N.W.2d at 161; *Bolinger*, 270 N.W.2d at 605. The doctrine's purpose is to protect a party from contradictory claims by a single party. *Gourley*, 318 N.W.2d at 161; *Bolinger*, 270 N.W.2d at 605. The doctrine consists of three elements: (1) existence of two or more remedies, (2) inconsistency between them, and (3) an intelligent and intentional choice of one of them. *Gourley*, 318 N.W.2d at 161; *Bolinger*, 270 N.W.2d at 605, 607.

For the purposes of our analysis we will assume, as the district court did, that the attorney general and Polk County attorney are the same party. We also will assume that elements one and three, above, exist in the situation disclosed by these appeals.

It is clear, however, that the second element is not established.

Remedies are inconsistent within the meaning of the election of remedies doctrine if the party against whom the doctrine is asserted has pursued one remedy to the point he adopts a contradictory position in attempting to pursue the other. One position must negate or repudiate the other.

*Bolinger*, 270 N.W.2d at 606 (finding a worker's compensation award inconsistent with a common-law tort remedy).

■ We find no inconsistency between the civil and criminal remedies at issue here. The purpose of a section 714.16 civil suit brought by the attorney general is to prohibit "such person from continuing such practices" and "restore to any person in interest any moneys or property ... which may have been acquired by means of any practice ... declared to be unlawful." *See* Iowa Code § 714.16(7). The purpose of Iowa's statutes that make tampering with odometers a crime is to punish those who commit such acts. *See* Iowa Code § 321.71(11). Prohibiting an individual from tampering with odometers and restoring to the injured party property of which that party has been deprived are not inconsistent with punishing the wrongdoer. It follows that the election of remedies doctrine did not preclude the Polk County attorney from filing criminal charges against Woods and Halverson. *See generally SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 666 (5th Cir.1981) ("There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the same transactions."); *Commonwealth v. Hogan*, 389 Mass. 450, 453, 450 N.E.2d 620, 622 (1983) ("Parallel civil and criminal proceedings are not objectionable per se.").

III. Woods and Halverson argue Iowa Code section 714.16(4)(c) prohibits commencement of criminal proceedings against them. They contend that when the State filed its petition and interrogatories it lost its option to institute criminal actions against the same defendants. Answers to interrogatories and a defendant's answer to a petition in a civil action are testimonial, defendants assert, and section 714.16(4)(c) prohibits commencement of criminal pro-

ceedings based upon transactions about which a defendant is required to give testimony.

 We do not agree the statute reaches as far as defendants suggest. Read together, Iowa Code sections 714.16(4)(b) [2] and (c) merely forbid the State from using its fraud act civil powers to obtain information and evidence that would further a criminal prosecution. Iowa Code section 714.16 does not prohibit parallel criminal and civil proceedings. By its terms, section 714.16(4)(b) contemplates such dual proceedings. It limits only the State's right to proceed with a criminal prosecution in reliance on information gathered civilly under section 714.16(3) or (4). The statutes leave open a door for a criminal prosecution to proceed if the information gathered pursuant to section 714.16(3) or (4) is not used in the proceeding in any manner.

 The strictures against criminal proceedings found in Iowa Code section 714.-16(4)(c) come into play only after an individual named by the attorney general in a section 714.16 civil suit is *questioned and required to give testimony*. *See* Iowa Code § 714.16(4)(c) ("no criminal prosecution based upon transactions ... about which [the civil defendant] is *questioned and required to give testimony* shall *thereafter* be brought against such defendant") (emphasis added). There is no dispute that Woods and Halverson have not yet been questioned and required to give testimony as defendants in the attorney general's civil suit. The interrogatories filed with the petition were withdrawn before defendants answered them. We pass over the question of whether an answer in a civil suit amounts to compelled testimony. Defendants have not yet answered the petition. They neither urged this ground in district court nor advanced it as error in this court.

 Under the facts presented here, Iowa Code section 714.16 constitutes no bar to the commencement of criminal proceedings against these defendants grounded on transactions that also formed the basis of the attorney general's petition.

The judgment of the district court is reversed and these cases are remanded for further proceedings consistent herewith.

REVERSED AND REMANDED.

---

2. Section 714.16(4)(b) provides:

> No information or evidence provided the attorney general by a person pursuant to subsections 3 and 4 of this section shall be admitted in evidence, or used in any manner whatsoever, in any criminal prosecution. If a criminal prosecution under the provisions of

this section is initiated in a state court against a person who has provided information pursuant to subsections 3 and 4 of this section, the state shall have the burden of proof that the information so provided was not used in any manner to further the criminal investigation or prosecution.