DIAMOND PRODUCTS COMPANY, A Corporation, Appellee,

v.

SKIPTON PAINTING AND INSULATING, INC. A Corporation, Appellant,

Diamond Products Company, Defendant to Counterclaim.

No. 85–1413.

Supreme Court of Iowa.

Aug. 20, 1986.

John D. Stonebraker of McDonald, Stonebraker & Cepican, P.C., Davenport, for appellant.

Realff H. Ottesen of Ottesen, Hoffman & Priester, Davenport, for appellee.

Thomas J. Shields of Lane & Waterman, Davenport and Roger A. Lathrop of Betty, Neuman & McMahon, Davenport, for defendant to counterclaim.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

LARSON, Justice.

A partial summary judgment, Iowa R.Civ.P. 237(a), was entered in favor of the plaintiff, Diamond Products Company, in a suit against Skipton Painting and Insulating, Inc. for paint sold to it on account. Skipton, who complains that the claim was not appropriate for summary disposition, was granted leave to appeal in advance of final judgment. Iowa R.App.P. 2(a). We reverse and remand.

■ Partial summary judgment is provided for in rule of civil procedure 237(a), which provides:

A party seeking to recover upon a claim ... at any time after the appearance day or after the filing of a motion for summary judgment by the adverse party, [may] move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

Rule 237(c) then provides, in part, that: [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The purpose of rule 237 is to avoid useless trials and streamline the litigation process. *Neoco, Inc. v. Christenson*, 312 N.W.2d 559, 560 (Iowa 1981).

General rules of law have become firmly established regarding summary judgment. We briefly review those here. The moving party has the burden of establishing no genuine issue of material fact in requesting summary judgment. *Northrup v. Farm-land Industries, Inc.*, 372 N.W.2d 193, 195 (Iowa 1985); *Matherly v. Hanson*, 359 N.W.2d 450, 453 (Iowa 1984); *Sandbulte v. Farm Bureau Mutual Insurance Co.*, 343 N.W.2d 457, 464 (Iowa 1984). All materials available to the court will be construed in the light most favorable to the party opposing the motion for summary judgment. *Matherly*, 359 N.W.2d at 453; *Sandbulte*, 343 N.W.2d at 464.

The plaintiff's petition in this case alleged that, between certain dates, it has "sold and delivered to defendant at the specific instance and request of defendant certain goods, wares and merchandise all as set forth in the itemized statement attached...." The defendant's answer admitted the sale and delivery of the paint but "affirmatively state[d] that the goods, wares and merchandise sold were unmerchantable, defective and worthless." The defendant added a counterclaim which demanded consequential damages allegedly caused by its use of defective paint.

The plaintiff filed a motion for partial summary judgment which asserted, in relevant part:

2. That the pleadings taken as a whole admit that the plaintiff did sell all the merchandise shown on exhibit "A" to the defendant, *and that defendant's only claim against the sums alleged as owing are by virtue of a counterclaim.*

3. That there is no material issue of law, or fact, as to the sale, the *value*, or the fact that the sum of nineteen thousand five hundred seventy-nine and eighty three/one hundred ($19,579.83) dollars is due and owing plaintiff from defendant.

Wherefore, plaintiff prays that this court enter partial summary judgment as to the issues of the sale, delivery, receipt, *value* and amount owing only.

(Emphasis added.)

■ It is apparent from the pleadings, however, that the "value" of the merchandise was very much in dispute. This is the ground for the defendant's appeal to this court. The plaintiff contends that what it

had really meant to say in its summary judgment motion was that the paint was sold at an agreed price, and if its value was something different, as the defendant claims, this could be resolved under the counterclaim. The district court apparently agreed.

The problem is that the plaintiff did not allege that the paint was sold at an agreed price, or even at a "reasonable price." In fact, it did not say on what basis the claimed amount had been computed.

If, as Diamond now claims, the paint was sold for an agreed price, the proper approach would have been to so state in its motion for summary judgment and support it with evidence such as affidavits. *See* Iowa R.Civ.P. 237(a), (c) and (e). This would have put the responsibility on the defendant, in resisting the motion for summary judgment, to come forth and challenge the assertion of the summary judgment motion concerning the price of the paint.

This case, we believe, points out the reason for the requirement under our rules that a supporting memorandum and statement of undisputed facts accompany a motion for summary judgment. *See* Iowa R.Civ.P. 237(h). Here, identification of a specific point of contention, *i.e.*, the "value" of the paint, might have obviated this problem. This was not done, and the court was forced to rely on the pleadings. Under the pleadings, the value was not without dispute. In view of that, it was error to grant summary judgment.

We reverse and remand for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.