**FIRST SECURITY BANK OF BROOKFIELD, Appellee,**

v.

**Minnie I. McCLAIN, Appellant.**

**No. 86–544.**

Supreme Court of Iowa.

April 15, 1987.

Warren L. Bush, Wall Lake, for appellant.

Earl H. Maahs of Bedell, Maahs & Miller, Spirit Lake, for appellee.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, LAVORATO, and NEUMAN, JJ.

LARSON, Justice.

Defendant, Minnie I. McClain, appeals from a summary judgment for the First Security Bank on a loan guaranty agreement. We affirm.

On April 5, 1982, Minnie McClain executed a written guaranty in favor of First Security Bank guaranteeing the indebtedness of her son, Arnold McClain, and his wife Cheryl. The limit of her guaranty was $50,000. On April 8, 1982, Arnold and Cheryl borrowed $50,000 from First Security. On December 10, 1982, they borrowed an additional $70,424 from the bank, securing it with a mortgage on real estate in Dickinson County, Iowa.

On April 5, 1985, the bank brought an action in Missouri against all three McClains to collect the $50,000 debt under the April 8, 1982, note. Later, while the Missouri suit was still pending, First Security obtained a judgment against Arnold and Cheryl in Dickinson County for $80,833.89 on the December 10, 1982, note. The bank foreclosed the mortgage on the Iowa land. The property sold at sheriff's sale for $30,-833.89, and First Security commenced the present action against Minnie on her guaranty for the balance of $50,000.

The district court entered summary judgment in favor of First Security, and Minnie McClain appealed. On appeal she raises one broad issue: whether the court erred in granting summary judgment in the face of what she contends are disputed fact issues. She also raises a subissue, whether the bank made a binding election of remedies when it commenced the action in Missouri against her on her guaranty agreement.

■ I. We first address the election of remedies argument. In order for such a defense to be available, three elements must be established: (1) the existence of two or more remedies; (2) inconsistency between them; and (3) a choice of one of the remedies. *Bolinger v. Kiburz,* 270 N.W.2d 603, 605 (Iowa 1978).

■ Inconsistency depends on whether the facts relied on as the basis for one remedy are repugnant and contradictory to the facts relied on as the basis for another remedy. *Id.* at 606. When the remedies are factually consistent, as they are here, an inconsistency does not arise until one of the remedies is satisfied. A party may pursue consistent remedies concurrently, even to final adjudication, until one of the claims is satisfied. *Id.;* 25 Am.Jur.2d *Election of Remedies* § 12, at 654, § 19, at 661 (1966); 28 C.J.S. *Election of Remedies* § 3(b), at 1063–64 (1941).

■ The burden of establishing a defense of election of remedies is on the defendant. *Bolinger,* 270 N.W.2d at 607. In the present case, Minnie McClain does not contend that the Missouri action resulted in satisfaction of the judgment or even that the case had gone to judgment. Her defense of election of remedies, therefore, cannot be sustained. There was no showing of inconsistency in the remedies, because she was subjected to only one judgment under her guaranty.

■ II. The question remains whether there were disputed fact issues which would preclude the entry of summary judgment. The applicable standards in reviewing a summary judgment are well-established. First Security has the burden of establishing no genuine issue of material fact. *Diamond Prods. Co. v. Skipton Painting & Insulating, Inc.,* 392 N.W.2d 137, 138 (Iowa 1986). All materials available to the court will be construed in the light most favorable to the party opposing the motion for summary judgment. *Id.* Finally, even if the facts are undisputed, summary judgment is not proper if reasonable minds could draw from them different inferences and reach different conclusions. *Walker Shoe Store, Inc. v. Howard's Hobby Shop,* 327 N.W.2d 725, 728 (Iowa 1982).

Minnie McClain contends that she only intended to guarantee the $50,000 loan made shortly after the guaranty agreement was executed and that she did not intend to guarantee the later loan secured by the Iowa real estate. She does not claim that she was defrauded or misled; she only asserts a different interpretation of the scope of the guaranty.

The guaranty agreement was very broad, providing in part that:

> For value received and to enable Arnold D. McClain and Cheryl M. McClain his wife ... to obtain credit of First Security Bank of Brookfield, I hereby request said Bank to extend to said Debtor such credit as said Bank may deem proper, and I hereby jointly and severally guarantee the full and prompt payment to said Bank at maturity, and at all times thereafter, and also at the time hereinafter provided, of any and all indebtedness, liabilities, and obligations of every nature and kind of said Debtor to said Bank, and every balance and part thereof, *whether now owing or due, or which may hereafter, from time to time, be owing or due, and howsoever heretofore or hereafter created or arising or evidenced....*

(Emphasis added.) The guaranty also provides that

> [t]he granting of credit from time to time by said Bank to said Debtor in excess of the amount of this guaranty and without notice to the undersigned, is hereby authorized and shall in no way affect or impair this guaranty.

We agree with the trial court that there was not a genuine issue of fact and that

summary judgment was the appropriate remedy.

AFFIRMED.