**HARTFORD–CARLISLE SAVINGS BANK, Appellee,**

v.

**Anthony M. VAN ZEE and Shirley L. Van Zee, Appellants.**

No. 96–47.

Court of Appeals of Iowa.

June 26, 1997.

Mark D. Reed, West Des Moines, for appellants.

Stephen P. Meyer, Des Moines, for appellee.

Heard by HABHAB, C.J., and CADY and VOGEL, JJ.

VOGEL, Judge.

The Van Zees appeal the district court's ruling granting the plaintiff's application for equitable relief and ordering them to take all steps necessary to reaffirm a contract with the Conservation Reserve Program (CRP), and appeal the subsequent order of damages.

*Scope of review.* This action was tried in equity and we accordingly review all arguments in this case de novo. Iowa R.App. P. 4. We review the entire record and adjudicate anew rights on the issues properly presented. *Insurance Agents, Inc. v. Abel,* 338 N.W.2d 531, 533 (Iowa App.1983). We give weight to the fact findings of the trial court, especially when considering the credibility of the witnesses, but are not bound by them. Iowa R.App. P. 14(f)(7).

*Background facts.* In 1982 the Van Zees purchased 200 acres of agricultural real estate by installment contract. They borrowed a portion of the down payment from the plaintiff, Hartford–Carlisle Savings Bank (the Bank) and, in exchange, assigned their rights under the contract to the Bank. Periodically, the Van Zees borrowed additional money from the Bank. In 1992 the Van Zees entered into a CRP contract with the United States Department of Agriculture which provided for ten payments to them of $3443 in exchange for conserving forty acres of farm land. The contract was pledged to the Bank as additional security for money loaned.

In March 1994 the Van Zees filed for bankruptcy under chapter 7 of the bankruptcy code. The trustee in bankruptcy abandoned the CRP contract.[1] After receiving

---

1. When a producer files a Chapter 7 bankruptcy petition, the Trustee must obtain approval from the Bankruptcy Court within 60 calendar days of filing the bankruptcy petition to assume CRP–1. Otherwise, CRP–1 shall be terminated according to paragraph 177. 2–CRP (Rev.2) Amend.1, Para. 181 *CRP–1 in Bankruptcy,* sec. C (Dec. 16, 1993).

relief from the automatic stay, the Bank obtained a decree of foreclosure to some nonexempt assets. On September 2, 1994, the contract sellers served notice of forfeiture of contract on the Bank, and on September 6, 1994, served notice to the Van Zees.

On October 7, 1994, the Bank and Van Zees entered into a settlement agreement which provided, among other things, that the Bank would release its assignment of the real estate contract. In addition the settlement agreement provided that the Van Zees:

> assign any rights they may have to CRP program payments,[2] and to take whatever actions are necessary to assist the bank in obtaining those payments. (Van Zees do not assert they have any remaining rights, but agree to sign any assignment form presented to them with respect to this program.)

When the Van Zees refused to take steps to reaffirm the CRP contract with the government through the Agricultural Stabilization and Conservation Service (ASCS) the Bank sued for specific performance, damages, and injunctive relief. In January 1995 the district court granted a temporary injunction ordering the Van Zees to take whatever steps were necessary to reaffirm the CRP contract no later than February 12, 1995.

On September 11, 1995, the district court found the settlement agreement was unambiguous and called for the Van Zees to take all steps necessary to enable the plaintiff to receive the CRP payments. It ordered the Van Zees to

> take any and all steps necessary to reaffirm and continue the CRP contract with the United States Department of Agriculture ... throughout the remaining years of its term, to assign any rights in said CRP contract to plaintiff, Hartford–Carlisle Savings Bank; to do any and all things necessary to enable plaintiff to receive each annual payment immediately after its issuance by the United States; and to do any and all things necessary to ensure compliance with all governmental rules and regulations of the United States

Department of Agriculture in conjunction with the CRP contract and the forty (40) acre tract pertaining thereto, including but not limited to all mowing and seeding.

The Van Zees' post-trial motion to amend, modify or enlarge the findings was denied. They filed a motion to reconsider.

On November 21, 1995, the Bank filed an application for order for money damages against the Van Zees. They noted that although the Van Zees had tried to reaffirm the CRP contract after the court's September order, it remained subject to approval of the Consolidated Farm Service Agency (CFSA) County Committee. Subsequent to the court's order the Committee elected not to reaffirm the contract because the Van Zees' act of reaffirmation was not voluntary and the district court had no jurisdiction over the committee. The Van Zees did not appeal the committee's decision despite being told by the Bank of the necessity of an appeal to preserve their rights.

In the January 23, 1996, order the court denied the Van Zees' motion to reconsider. It further found that by expressing their unwillingness to reaffirm the contract to the committee, the Van Zees had violated its previous order. It awarded the plaintiff damages in the amount of $22,242.

■ *I. Reaffirmation of CRP Contract.*
The Van Zees claim the district court erred in ruling that the settlement agreement was intended by the parties and required the Van Zees to reaffirm the CRP contract. As to the Van Zees' assertion that the terms of the Settlement Agreement are not clear, we look first to the language of the agreement to see if any ambiguity exists. The agreement required the Van Zees to transfer any right to receive CRP payments to the Bank, taking any steps necessary to assist the Bank in obtaining these payments. Thus, the parties bargained for the rights, if any, the Van Zees might have in the CRP program. In return, the Bank agreed—as per the Van Zees' proposal—to release its assignment of the real estate contract and other terms. The Bank performed fully its part of the agreement; it was then incumbent on the Van Zees to

**2.** The Bank claimed a prior blanket security interest which included the CRP payments.

follow through on their legal obligation, which they failed to do. The Van Zees now claim they did not know at the time the agreement was signed that they could reaffirm their CRP contract, and if they did know, they would not have signed the agreement. They further claim the Bank knew the Van Zees had no rights as of the day of the agreement, but that neither party was aware of the procedure for reaffirming CRP contract rights following abandonment by a trustee in bankruptcy and attendant termination. We find this argument to be without merit. The plain language of the agreement clearly reveals some uncertainty as to the existence of the Van Zee's rights in CRP payments but, nonetheless, reserves to the Bank any rights should they exist. As the settlement agreement's terms are unambiguous and its meaning plain, we need not engage in contract interpretation or construction. *Allen v. Highway Equipment Co.*, 239 N.W.2d 135, 139 (Iowa 1976). We find the agreement clear and affirm the district court's ruling requiring the Van Zees to reaffirm the CRP contract.

■ *II. Post-trial Motions.* The Van Zees argue the district court erred in denying their post-trial motion and in failing to grant their request for reconsideration. The post-trial motions were based on the Van Zees' contentions that (1) they had no rights in the CRP contract to assign, and (2) the court lacked jurisdiction to enter a monetary judgment subsequent to the entry of its September 8, 1995, ruling. We disposed of this first claim above and need not address this issue now. Regarding the second claim, "the fact that a legal remedy becomes available ... does not cause a loss of jurisdiction." 27A Am.Jur.2d *Equity* § 87 (1996). When a court has proper jurisdiction at the commencement of the action, "equity has the power to award relief as the right to it exists at the end of the trial, thus putting an end to the litigation." *Id. See In re Marriage of Stogdill*, 428 N.W.2d 667, 670 (Iowa 1988) ("Once equity has obtained jurisdiction of a controversy the court will determine all questions material or necessary to accomplish full and complete justice between the parties, even though in doing so the court may be required to pass upon certain matters ordinarily cognizable at law."); *Smith v. Peterson*, 282 N.W.2d 761, 764 (Iowa App.1979) (same). We therefore determine the district court properly retained and exercised its jurisdiction in this regard.

■ *III. Election of remedies; monetary judgment.* The Van Zees contend the Bank elected the remedy of injunction and therefore could not be awarded damages. The Van Zees, in order to establish an election of remedies, must prove: (1) the Bank has two or more remedies; (2) the remedies are inconsistent; and (3) the Bank has chosen one. *See Parks v. City of Marshalltown*, 440 N.W.2d 377, 379 (Iowa 1989). We note that this doctrine is designed to prevent double recovery for a single injury, not to prevent recourse to alternative remedies. 25 Am.Jur.2d *Election of Remedies* § 2 (1996). This doctrine is narrow in application. *Bolinger v. Kiburz*, 270 N.W.2d 603, 605 (Iowa 1978). Courts have treated it circumspectly and have criticized it as harsh; Iowa has recognized this doctrine is not favored by the courts and will not be applied in the absence of evidence of substantial prejudice. *Bolinger*, 270 N.W.2d at 605; *see United States v. One Parcel of Property Located at 1606 Butterfield Rd.*, 786 F.Supp. 1497 (N.D.Iowa 1991).

■ If the remedies sought are concurrent and alternative, there is no bar until satisfaction of the remedy has been achieved. 25 Am.Jur.2d *Election of Remedies* § 18 (1996). The court in *First Sec. Bank of Brookfield v. McClain*, 403 N.W.2d 788, 790 (Iowa 1987) explained the concept of inconsistency:

> Inconsistency depends on whether the facts relied on as the basis for one remedy are repugnant and contradictory to the facts relied on as the basis for another remedy. When the remedies are factually consistent, as they are here, an inconsistency does not arise until one of the remedies is satisfied. A party may pursue consistent remedies concurrently, even to final adjudication, until one of the claims is satisfied.

*Id.* (Citations omitted.) In this case, the Bank pled the remedies concurrently and

alternatively. The Bank did not pursue the consistent, alternative damages remedy until it became clear that the Van Zees would not satisfy the mandatory injunction remedy, and the remedy was lost. *Cf. Bolinger*, 270 N.W.2d at 606 (holding Plaintiffs received *satisfaction* of one claim and held it was inconsistent for them to seek an alternative remedy).

Accordingly, we find the district court, upon satisfactory evidence that its initial ruling was not complied with by the Van Zees, correctly awarded the Bank the alternate remedy it sought, a monetary judgment.

Having considered all issues before us on appeal, we affirm the decision of the district court.

**AFFIRMED.**