## NOBLE DRILLING CO. et al. v. MURPHY et al.

No. 18882.    Opinion Filed May 22, 1928.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Injury from Negligence of Third Party—Election of Remedies.**

Section 7302, C. O. S. 1921, provides that, when a workman entitled to compensation under chapter 246, Session Laws 1915, known as the "Workmen's Compensation Act," shall be injured by the negligence or wrong of another, not in the same employ, he shall elect whether to take compensation under said act or pursue his remedy against such other.

2. **Election of Remedies—Intention—Mere Filing of Suit in Ignorance of Rights not an Election.**

The doctrine of election depends, not on technical rules, but on principles of equity and justice and actual intention. Although any decisive act of a party with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other, determines his election, yet the mere filing of a suit is not determinative of the right where the party acts in misapprehension of his legal rights and in ignorance of his obligation to make an election.

3. **Master and Servant—Workmen's Compensation Law—Injury from Negligence of Third Party—Mere Filing of Suit by Employee Against Third Party which Was Later Dismissed Held not Election of Remedy Barring Claimant's Right to Workmen's Compensation.**

Where a workman, while performing labor for his employer, who is subject to the Workmen's Compensation Act, is injured by the wrongful acts and negligence of a third party, and files a claim for compensation with the State Industrial Commission and thereafter files an action in the district court against such third party to recover damages for such negligence, but where it appears that such action was filed on advice of counsel for the employer and his insurance carrier and without any intention on the part of the workman to waive his right to compensation, and where the claimant is advised and an order is made by the Commission that the proceeding therein pending will be held in abeyance until the

final outcome of the action in the district court, and where such action against the third party is subsequently dismissed because of the plaintiff's inability to secure his witnesses, and where, upon motion of the claimant, the proceeding before the Commission is re-opened and an award made before the running of the statutes of limitation against the employer's right of recovery against such third party, held, the action of the claimant filed in the district court does not constitute such an election of remedies as to bar his recovery of compensation through the Industrial Commission.

Original action in the Supreme Court by the Noble Drilling Company and the Commercial Casualty Insurance Company to review an award of the State Industrial Commission in favor of V. V. Murphy. Petition denied.

Clayton B. Pierce, for petitioners.

Edwin Dabney, Atty. Gen,. and Ralph G. Thompson, Asst. Atty. Gen., for respondents.

MASON, V. C. J. This is an action to review an award of the State Industrial Commission. The parties will hereinafter be referred to as follows: V. V. Murphy as claimant; Noble Drilling Company as employer and petitioner; Commercial Casualty Company as insurance carrier and petitioner, and State Industrial Commission as respondent.

On May 10, 1926, V. V. Murphy, while employed by the Noble Drilling Company, was injured by the negligent act of a third party and it was necessary to amputate the little toe of his right foot, and on June 17th he filed a claim with the State Industrial Commission against the Noble Drilling Company for compensation. Hearing was had on September 9, 1926, in Oklahoma City, at which time the petitioner explained to the claimant his right to sue the negligent third party for damages, whereupon the claimant elected to take compensation. Subsequently, however, upon the solicitation of counsel for petitioners, the claimant decided to pursue his remedy against such third party, and the Industrial Commission, on September 30, 1926, entered its order to that effect, which, among other things, provided:

"That this cause be and the same is hereby held in abeyance until the final outcome of the suit against the third party."

It appears that the claimant was unable to secure his witnesses in such proceeding against the third party and, upon advice of his counsel therein, such proceeding was dropped, and thereafter, on April 14, 1927,

he gave written notice to the State Industrial Commission that he had dropped said action and had decided to accept compensation through the State Industrial Commission, and on April 26, 1927, a copy thereof was forwarded to the insurance carrier by the Commission. The matter was heard before the Commission on June 27, 1927, and thereafter, on October 6, 1927, the Commission found:

"That claimant elected to sue the third party but withdrew his suit and elected to take compensation through the State Industrial Commission."

The Commission, by its order, which was afterwards amended, directed the Noble Drilling Company, or its insurance carrier, the Commercial Casualty Insurance Company, to pay the claimant compensation at the rate of $18 per week for ten weeks, or a total of $180, and to pay all medical expenses incurred by the claimant as a result of said accidental injury.

This proceeding has been brought to review such award.

It is first insisted that the claimant had elected to pursue his remedy against the third party and, therefore, the Industrial Commission was without jurisdiction in the matter and its award should be vacated. Counsel cite and rely upon section 7302, C. O. S. 1921, which provides:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this act for such case. * * *"

Rule 22 of the State Industrial Commission provides:

"Injury by Negligence of Another. If a workman entitled to compensation be injured by the negligence of another not in the same employ as set out in section 7302, C. O. S. 1921, the employee shall elect whether to take compensation under the Work-

men's Compensation Act or pursue his remedy at common law against such other in the following manner:

"If he elects to take compensation he shall notify the Commission and shall make assignment of his cause of action against such other person to the insurance carrier and if he elects to pursue his remedy against such other person causing injury, **he shall in writing notify the Commission and the insurance carrier.** In the event he fails to make such notification, the Commission will make no award against the insurance carrier for a deficiency if he recovers and collects less than his compensation would have been under the Workmen's Compensation Act."

Counsel call our attention to the fact that the record does not disclose that Murphy ever complied with the foregoing rule with respect to assigning his cause of action against the third party to the petitioners herein, but we also observe that it does not disclose that the claimant ever gave any notice in writing to the Commission and insurance carrier that he elected to pursue his remedy against such other person causing the injury.

Can it be said that Murphy made such election to pursue his remedy against the third party as to deprive the Commission of jurisdiction to grant him compensation?

The general rule set forth in 20 Corpus Juris, 19, and adopted by this court in the case of Freeland v. Dolen, 84 Okla. 286, 203 Pac. 182, states what is necessary to constitute an election of remedies as follows:

"* * * Any decisive act of a party, with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other, determines his election. * * *"

See, also, 15 Cyc. 262.

The record herein discloses that the claimant was anxious to pursue his remedy for compensation, but that, upon the insistent solicitation of counsel for petitioners, he was willing for such proceeding to be held in abeyance until such time as he could attempt to recover from the third party. Therefore, we cannot say that there was an intent to pursue his remedy against the third party rather than take compensation.

The note in 34 L. R. A. (N. S.) on page 310, following the case of Register v. Carmichael, 169 Ala. 588, 53 South. 799, is as follows:

"The clear weight of authority, though there is some conflict in the decisions, seems to sustain the position taken by the court in Register v. Carmichael, that 'an election, to be conclusive, must be, efficacious to some extent at least. The mere bringing of a suit is not determinative of the right. The party against whom the estoppel is pleaded must have received some benefit under his election,' or have caused some detriment to the other party."

The doctrine of election of remedies is also stated in Words and Phrases, vol. 3 (First Series) p. 2337, as follows:

"The doctrine of election depends, not on technical rules, but on principles of equity and justice and actual intention. An election made in ignorance of material facts is, of course, not binding, when no other person's rights have been affected thereby. So, if a person, though knowing the facts, has acted in misapprehension of his legal rights, and in ignorance of his obligation to make an election, no intention to elect, and consequently no election, is to be presumed. Watson v. Watson, 128 Mass. 152."

The rule is also well established that the binding force of an election cannot be predicated upon mere imputed knowledge, for the doctrine is based entirely upon the idea of a conscious exercise of choice between two remedies which are inconsistent with each other. 20 Corpus Juris, p. 36; Craig v. Meriweather, 84 Ark. 298, 105 S. W. 585.

In the latter case, the court, in the body of the opinion, quotes from Spread v. Morgan, 11 H. L. Cas. 588, 615, 11 Reprint, 1461, as follows:

"In order that a person who is put to his election should be concluded by it, two things are necessary: First, a full knowledge of the nature of the inconsistent rights, and of the necessity of electing between them. Second, an intention to elect manifested, either expressly or by acts which imply choice and acquiescence."

In the case of Standard Oil Co. v. Hawkins, 74 Fed. 395, 20 C. C. A. 468, 33 L. R. A. 739, the court, in the body of the opinion, uses the following language:

"It is one thing whether a contract will be reformed because entered into through ignorance and mistake of the law by one party, and quite another and different thing whether one may be relieved from an improvident election of a remedy occurring through his ignorance of possessing a better remedy. 'Election,' says Dyer, 'is the internal, free, and spontaneous separation of one thing from another existing in the mind and will.' Bullock v. Burdett, 3 Dyer, 281. That designed selection cannot occur if the party is ignorant of his rights. He cannot

deliberately select one of two or more remedies if he know of but one to which he is entitled. Therefore it is as stated by Kerr. that 'an election made by a party under a mistake of facts, or a misconception as to his rights, is not binding in equity. In order to constitute a valid election, the act must be done with a full knowledge of the circumstances of the case, and the right to which the person put to his election was entitled.' "

We think the case at bar comes squarely within the rules above announced, and that the claimant had no intention of pursuing his remedy against the third party and waiving his remedy for compensation, and that the order of the Industrial Commission, finding that he had made no election, is correct.

It is next urged that the claimant should be estopped, at this late date, from pursuing his remedy for compensation, and that, although acceptance of benefits of such an award by him would constitute an equitable assignment of his cause of action against the third party to the insurance carrier, yet no benefit would inure to such company by reason of the lapse of time and the disappearance of the witnesses. It is conceded, however, in the briefs, that such claim is not barred, as yet, by the statute of limitations. The insurance carrier could still secure an assignment of such cause of action as provided by Rule 22 of the Commission. But if that were not true, such contention would be without merit, for the reason that the claimant pursued his remedy against such third party, on the insistence of counsel for the insurance carrier. and under the belief and. no doubt. advice that his proceedings for compensation would, as found by the Commission, remain in abeyance until the final outcome of such suit. It may be that the claim of the insurance carrier is nothing upon which a reasonable expectancy of recovery can be based because of loss of the witnesses. This. of course. is unfortunate, but the law places no duty upon the claimant relative to preserving such cause of action against the third party, and the fault. if any. in this case is not with the claimant. but due. apparently. to the insistency of counsel for the insurance carrier.

From the foregoing, we are of the opinion that the award of the Commission is correct and the petition herein is denied.

HARRISON. LESTER. HUNT. RILEY. CLARK. and HEFNER. JJ.. concur.

Note.—See under (1) Workmen's Compensation Acts—C. J p. 140. § 168: anno 19 A. L R. 770: 27 A. L. R. 493: 28 R. C L. p.

834; 5 R. C. L. Supp. p 1582. (2) 20 C. J. p. 19. § 16; p. 31, § 20; p. 36; § 28; 9 R. C. L. p. 962; 2 R. C. L. Supp. p. 908; 6 R. C. L Supp. p. 584; 7 R. C. L. Supp. p. 313. (3) anno. 37 A. L. R. 840; 28 R. C. L. p. 834; 5 R. C. L. Supp. p. 1582; 6 R. C. L. Supp. 1768.