[Civil No. 4347. Filed June 16, 1941.]

[114 Pac. (2d) 233.]

ALABAM FREIGHT LINES, a Corporation, Appellant, v. GEORGE C. CHATEAU, Appellee.

Mr. W. L. Barnum and Mr. R. H. Brumback, for Appellant.

Messrs. Wilson & Wilson, for Appellee.

LOCKWOOD, C. J.— Alabam Freight Lines, a corporation, plaintiff, has appealed from a judgment in favor of George C. Chateau, defendant. The facts of the case as shown by the record and construed most strongly in behalf of defendant, as under our rule we must construe them, may be stated as follows:

Defendant, while in the employ of plaintiff, received an injury arising out of and in his employment which caused him temporary disability from December 24, 1936, to April 19, 1937, on which date he resumed his employment. Before the bringing of this suit plaintiff paid medical and hospital expenses of defendant in the sum of $423.58. It also paid him $409.98, which it had received from Maryland Casualty Company on an accident insurance policy of which defendant was

the beneficiary, although the premium had been paid by plaintiff. In May, 1937, defendant executed the following instrument:

"IN CONSIDERATION of the payment of weekly indemnities as provided by Maryland Casualty Co.'s accident policy No. 24,600 and hospital and medical expenses to —— in hand paid by Maryland Casualty Co., and Alabam Freight Co., Inc., jointly, I do hereby release and forever discharge said Maryland Casualty Co. and Alabam Freight Co. from any and all actions, causes of actions, claims and demands for, upon or by reason of any damage, loss or injury, which heretofore have been or which hereafter may be sustained by me in consequence of an accidental injury received by me on December 24th, 1936. . . .

"IT BEING FURTHER AGREED AND UNDERSTOOD, That the payment of said indemnities and medical and hospital expenses . . . is not to be construed as an admission on the part of said Maryland Casualty Co. and/or Alabam Freight Co., Inc. of any liability whatever in consequence of said accident."

On October 7, 1937, almost one year after the accident occurred, the Industrial Commission of Arizona, called the commission, made an award in favor of defendant and against plaintiff, in the following language:

"Award is hereby made payable to said applicant by the above named defendant employer as follows:

"1. The sum of $307.79, payable forthwith.

"IT IS ORDERED that the above named defendant employer pay the reasonable cost of the medical, surgical and hospital treatment necessary to cure and relieve said applicant from the effects of said injury.

"IT IS FURTHER ORDERED that any payments of compensation or medical benefits heretofore made on account of said injury are to be credited upon this award and are deductible therefrom."

Thereafter, and on March 18, 1939, defendant brought suit against plaintiff; alleging that the latter had defrauded him out of the sum of $409.98 due

him on the accident insurance policy above referred to, but that an award had been made to plaintiff of $409.98 by the commission, which plaintiff had paid.

The court which tried the case in effect found that any money paid by plaintiff to defendant was the proceeds of the accident policy and was due him under the terms of that policy, and that it still owed defendant part of those proceeds, amounting to $84.26, and rendered judgment accordingly. It expressly refused to determine whether anything was still due defendant as a result of the award of the commission.

Plaintiff had not insured himself in any of the three methods provided by the workmen's compensation law to secure the payment of any awards made by the commission, and defendant, therefore, recorded the award of the commission in the superior court, as provided by law, and execution was issued thereon. Sections 56–932, 56–947, Arizona Code 1939. Plaintiff then brought this suit seeking to enjoin any attempt to collect the award of the commission, on the ground that it had already been paid. The case was tried to the court sitting without a jury, and it found that all payments made by plaintiff to, or for the benefit of, defendant were due to the latter by virtue of the accident insurance policy, of which he was the beneficiary, and an agreement between plaintiff and defendant that the former should pay any medical expenses incurred by defendant as a result of his injury, and that the award had never been paid, and rendered judgment accordingly.

It is apparent from this statement of the facts shown by the record that as a result of his accident defendant was entitled to three things, (a) the proceeds of the accident insurance policy, of which he was the beneficiary, (b) the payment by plaintiff of any medical expenses incurred on behalf of defendant as a result

of his accident, and (c) any award which might be made in his favor by the commission as compensation for his lost time.

■■■■ There was no connection, as a matter of law, between the amount which he was entitled to under the accident insurance policy and the amount which was due him as an award under the workmen's compensation law. By the terms of that award, plaintiff was required to pay a fixed sum for compensation, and also the necessary medical expenses. It was also provided that any sums which had been paid previously on either the compensation or the medical expenses might be deducted from the award. All of the medical expenses having been paid by plaintiff under its contract with defendant, the latter had no further claim under the award against plaintiff for medical expenses. But he did have a right to recover from plaintiff the award of compensation for the amount paid him under his accident policy was not, and could not be, a payment on the award. The one rested upon the workmen's compensation law and the other upon a contract between plaintiff and the insurance company for the benefit of defendant. The release above set forth of course cannot affect defendant's right to an award by the commission, for it was never approved by the latter. *Doby* v. *Miami Trust Co.,* 39 Ariz. 228, 5 Pac. (2d) 187; *Doyle* v. *Old Dominion Co.,* 44 Ariz. 123, 34 Pac. (2d) 401. Nor do we think the fact that defendant, obviously through a misunderstanding of his counsel as to just where the amount of money which he frankly admitted he had received from plaintiff should be credited, pleaded in a previous case that the award had been paid while the accident insurance policy remained unsatisfied, is binding upon him in view of the findings and judgment of the court therein. *Hoover* v. *Hubbard,* 202 N. Y. 289, 95 N. E. 702; *Higgins* v.

*California Prune etc. Growers,* (2 Cir.) 282 Fed. 550; *Davis* v. *Welch,* 128 La. 785, 55 So. 372; *Ginsberg* v. *Sherman,* (Sup. Ct.) 163 N. Y. Supp. 1058. The trial court, therefore, very properly held on the merits that plaintiff was not entitled to an injunction against the collection of the award, for the reason that it had never been paid and was in substance a valid, subsisting unpaid judgment of the superior court.

 There are a number of assignments of error which go to various rulings on motions to strike, demurrers, and the like, but in view of what we have said, while we have considered them, we think that errors, if any, committed by the trial court in that respect do not require a reversal of the case. Art. VI, § 22, Constitution of Arizona.

The judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.