BILL HODGES TRUCK CO., INC.,
Own Risk, Petitioner,

v.

William HUMPHREY and the Workers'
Compensation Court, Respondents.

No. 62763.

Court of Appeals of Oklahoma,
Division No. 1.

Nov. 20, 1984.

Rehearing Denied Jan. 8, 1985.

Certiorari Denied March 27, 1985.

Approved for Publication by the
Supreme Court April 5, 1985.

Grove & Grove, Robert G. Grove, John G. Spires, Oklahoma City, for petitioner.

George Gay, Lawrence H. McMillin, Oklahoma City, for respondents.

YOUNG, Presiding Judge:

The issue is whether the workers' compensation carrier is entitled to set-off

against a disability award to an injured worker in the amount recovered by the worker against his uninsured motorist coverage. The Workers' Compensation Court denied the set-off. We agree.

Respondent (Humphrey) was struck by a vehicle driven by a co-employee in Petitioner's (Hodges) parking lot. He was awarded by the Workers' Compensation Court permanent partial disability benefits which are not contested in this appeal. Humphrey also recovered by settlement twelve thousand dollars in uninsured motorist benefits from his automobile insurance carrier because the co-employee had no liability insurance.

The Oklahoma Supreme Court has not decided this question but has ruled on the converse. In *Chambers v. Walker*, 653 P.2d 931 (Okl.1982), the Court decided whether an uninsured motorist carrier should be allowed set-off in the amount of workers' compensation benefits recovered by its insured. The uninsured motorist carrier argued in *Chambers* that it should be allowed set-off in the amount plaintiff would have lost through subrogation of the workers' compensation carrier, since the net recovery to plaintiff would be the same. The Court denied the set-off, reasoning that application of the net recovery theory would result in a windfall to the insurer in derogation of the clear legislative intent in favor of uninsured motorist coverage. We find that the same public policy considerations apply here.

■ In 85 O.S. 1981 § 45 the legislature has manifested a clear intent that a worker who takes steps to assure his financial security shall not be penalized. Section 45 provides:

No benefits, saving or insurance of the injured employee, independent of the provisions of this act shall be considered in determining the compensation or benefit to be paid under this act.

Hodges urges that uninsured motorist benefits are not included in § 45 because the worker's right to recover under the uninsured motorist policy is a mutant of his right in tort to which Hodges is subrogated. 85 O.S. 1981 § 44.

Hodges cites 36 O.S. 1981 § 3636(B) which provides in pertinent part:

[The uninsured motorist policy] shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are *legally entitled to recover* damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. [Emphasis added]

Hodges interprets the words "legally entitled to recover" to mean that Humphrey must be able to proceed against his fellow employee in tort in order to collect uninsured motorist benefits.

Hodges' theory creates an inevitable conflict between the Workers' Compensation Act and the Uninsured Motorist Act. By exercising his right to recover under the Workers' Compensation Act, Humphrey has abrogated his right to proceed in tort against his fellow employee. 85 O.S. 1981 § 122.

Hodges, whose only asserted interest in Humphrey's rights vis-a-vis his uninsured motorist carrier is Hodges' subrogation to the proceeds, does not argue that Humphrey must forego one of these rights. Rather, Hodges contends that public policy, as expressed by the Oklahoma Supreme Court in *Chambers v. Walker, supra,* requires that Humphrey's right to collect under the uninsured motorist policy survive despite § 122. Hodges suggests that the only way to rectify the conflict is to allow the workers' compensation carrier subrogation to the uninsured motorist benefits under its right of subrogation against the tortfeasor as provided in the Workers' Compensation Act. 85 O.S. 1981 § 44.

■ We reject Hodges' premise that the uninsured motorist recovery is based in tort. The right to recover under uninsured motorist coverage is bottomed in the insured's right in contract under the uninsured motorist policy rather than in the insured's right in tort against the unin-

sured motorist. The uninsured motorist carrier is involved simply as a party to a contract, not as the alter ego of the tortfeasor.

In *Uptegraft v. Home Insurance Company*, 662 P.2d 681 (Okl.1983), the Oklahoma Supreme Court ruled that the right of an insured to recover under the uninsured motorist policy is a contractual right resting in the insured. The court characterized uninsured motorist coverage as ' "first-party coverage"—much like collision, comprehensive, medical payments or personal injury protection.' *Id.* at page 684.

The actions of the tortfeasor are relevant only to establish that the insured is "legally entitled to recover" from an uninsured motorist, a condition of the insurer's promise 36 O.S. 1981 § 3636(B). That the uninsured motorist carrier does not stand in the shoes of the tortfeasor is shown by the Oklahoma Supreme Court's denying to the uninsured motorist carrier certain technical statutory defenses that would be available to the tortfeasor and holding that the condition of recovery can be satisfied even if the insured does not prove all the elements of a viable tort claim against the uninsured motorist. *Uptegraft, supra.*

We find no conflict between the injured worker's right to recover under the Workers' Compensation Act and the injured worker's right to recover under his own uninsured motorist policy. The co-existence of these rights is mandated by logic and public policy considerations.

Uninsured motorist coverage is a contractual vehicle, like medical insurance, by which the working person may protect himself against the vagaries of life. The rights under this coverage are bargained and paid for by the worker and belong to him. Uninsured motorist coverage is "insurance of the injured employee" to which the compensation carrier has no right. 85 O.S. 1981 § 45.

The Arkansas Supreme Court, when faced with this issue, made the following astute comments with which we agree:

[The compensation carrier] has no right to expect an employee to supplement his common law remedies and the compensation carrier's statutory lien, by purchasing his own insurance. If the employee does choose to expend his own funds to provide additional protection for himself, whether by paying for an accident and health policy, or by having a Medical Payments or Uninsured Drivers Benefits clause added to his liability policy, the compensation carrier does not thereby acquire additional rights. It does not become a third-party beneficiary of the employee's insurance contract. *Travelers Ins. Co. v. National Farmers U. Prop. & Cas. Co.*, 252 Ark. 624, 480 S.W.2d 585, 589 (1972).

ORDER SUSTAINED.

ROBINSON, J., concurs.

REYNOLDS, J., not participating.