Janet Ann **THRASHER**, Appellant,

v.

**ACT–FAST LABOR POOL, INC.**, State Insurance Fund, and The Workers' Compensation Court, Appellees.

No. 67818.

Supreme Court of Oklahoma.

Feb. 19, 1991.

Andrew Gass, Oklahoma City, for appellant.

John R. Schneider, State Insurance Fund, Oklahoma City, for appellee State Ins. Fund.

HODGES, Vice Chief Justice.

Janet Thrasher was injured on January 25, 1985, while riding in a vehicle driven by a co-employee, D.C. Easterday, at the request of her employer. The vehicle in which Thrasher was riding was struck by a vehicle driven by P.W. Davidson. Thrasher filed a Workers' Compensation claim against her employer and its carrier (respondents). Three weeks later, she filed suit in district court against P.W. Davidson for negligence and against United Services Automobile Association (USAA). Davidson was never served.

Thrasher did not give written notice of election under section 44 of the Workers' Compensation Act[1] and Workers' Compensation Court Rule 31.[2] Thrasher signed a

---

1. Okla.Stat. tit. 85, § 44(a) (1981) states:

    If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Workers' Compensation Act, elect whether to take compensation under the Workers' Compensation Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case. The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the Court.

2. Okla.Stat. tit. 85, ch. 4, App. Rule 31 (1981) (repealed in 1987), states:

    If an employee entitled to claim compensation be injured by the negligence or wrong of another not in the same employ (as set out in 85 O.S.Supp.1977 § 44), and if he elects to

release of her claims against USAA "and all others" for injuries resulting from the January 25, 1985 accident in exchange for ten thousand dollars ($10,000.00).[3] Both parties agree that the $10,000 was for uninsured motorist (UM) coverage. Thrasher and USAA filed a Dismissal with Prejudice of all claims in the state court action. Subsequently, Thrasher and USAA filed a Motion for Order Nunc Pro Tunc to dismiss only the claims against Easterday and USAA, stating that a scrivener's error existed in the contract, apparently referring to the release, and attached an affidavit stating that they only intended for the release to apply to USAA, and not to Davidson. The district court judge granted the motion.

The trial judge for the Workers' Compensation Court found that Thrasher "recovered no award from her third-party action other than recovery from her co-employee's uninsured motorist insurance [and] the facts of this excused the claimant from giving notice of election to pursue her remedy at law against a third party person...." The Workers' Compensation Court sitting en banc vacated the trial judge's order and denied Thrasher compensation benefits because of her failure to notify the respondent of the third-party claim. The Court of Appeals affirmed the en banc order.

Section 44(a) of title 85 of the Oklahoma Statutes provides a procedure to be followed when an employee is injured or killed by the negligence of another not in the same employ. The employee may (a) proceed in Workers' Compensation Court with an assignment to the employer's insurance carrier of the right of action against the third-party tortfeasor, or (b) file a written notice of election[4] and proceed against the third-party tortfeasor (tortfeasor). If the employee proceeds against the tortfeasor, the Workers' Compensation Court is to hold its proceedings in abeyance until conclusion of the action against the tortfeasor. Any settlement between the employee and the tortfeasor must be approved by the Workers' Compensation Court. The compensation carrier is only responsible for any deficiency between the amount collected from the tortfeasor, and the amount provided under the Worker's Compensation Act.

At trial before the Workers' Compensation Court, Thrasher admitted that she was involved in an ongoing suit other than a UM claim. Further, Thrasher admitted in her brief that Davidson's name appeared on the petition filed in district court. However, Davidson was never served. Further, it appears that Thrasher did not settle any claims that she might have had against Davidson. Thrasher did not receive any payment from or on behalf of Davidson. Thrasher dismissed the claim against Davidson during the proceedings before the Workers' Compensation Court. And respondent has not presented any evidence that it was prejudiced by Thrasher's failure to give notice under the procedures provided by section 44 and rule 31.

Because the respondents have no subrogation rights to UM benefits under section 44,[5] it was not necessary for Thrasher to file a notice of election before seeking to recover UM benefits. Thrasher also argues that it was not necessary for

---

pursue his remedy against such third party, he shall notify the court and the respondent and insurance carrier of his election. The notice must be in writing, but need not be in any particular form. The court shall, upon receipt of the notice, order the proceedings held in abeyance pending disposition of the civil suit. In the event the employee fails to make such notification, the court shall make no award against the respondent or insurance carrier for any deficiency between the amount recovered in the employee's civil suit and what he claims to be due under the act.

3. The release between USAA and Thrasher is dated "this 10th day of January, 1985," a date prior to the accident, January 25, 1985.

4. Thrasher has attempted to supply some of these facts with statements in her brief. However, the statements in the brief are not supported by the record. This Court will consider only the record on appeal in reaching its decision.

5. See Bill Hodges Truck Co., Inc. v. Humphrey, 704 P.2d 94 (Okla.Ct.App.1984) (approved for publication by the Oklahoma Supreme Court pursuant to Okla.Stat. tit. 20, § 30.5 (1981)).

her to give the notice of election required by section 44 of the Workers' Compensation Act before filing the Petition against Davidson.

One of the purposes of the notice requirements of section 44 is to allow the employer and his carrier to follow the injured employee in the prosecution of a claim against a tortfeasor who is not an employer or co-employee [6] and to protect the subrogation rights of the employer and his carrier.[7] Recognizing this purpose, this Court has held that an employer can waive, or an employee can be excused from, strict compliance with section 44 and rule 31.[8] We have also held that merely filing a law suit does not constitute an election.[9]

In *Noble Drilling Co. v. Murphy*,[10] the claimant was injured while in the course of his employment by the negligent acts of a third party. He filed a claim with the predecessor to the Workers' Compensation Court, the State Industrial Commission. He then proceeded against the tortfeasor. Because he was unable to secure his witnesses, he dropped the third-party proceedings. The industrial court held its proceedings in abeyance while the claimant pursued his claims against the tortfeasor. After the claimant notified the industrial court of his intention to pursue the compensation claim, the compensation proceedings were resumed and the court made an award to the claimant.

This Court upheld the award. We recognized that the claimant had not assigned his cause against the tortfeasor to the compensation carrier, nor had he given any notice of election. We reasoned that he had not made an election. Therefore, the requirements of assignment and notice did not apply. We defined election as " '[a]ny decisive act of a party, with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other....' "[11] We also stated that bringing a law suit without more did not constitute an election; but it was necessary that the claimant incur some benefit or the party seeking the estoppel suffer some detriment.[12]

The facts of the present case are similar to those in *Murphy*. In the present case, Thrasher filed a claim in the compensation court. She then filed suit in district court against USAA and Davidson. While proceeding in the compensation court against the respondents, she withdrew her action against Davidson. The respondents acknowledge that Thrasher filed suit against Davidson to facilitate her claim for UM benefits.

Like in *Murphy*, the facts show that Thrasher did not make an election. There was no decisive act "indicating an intent to pursue one remedy rather than the other."[13] Thrasher did not elect to pursue a claim against Davidson. She merely included Davidson in the suit against Easterday and USAA as part of the attempt to collect UM benefits.

Thrasher did not receive any benefit from or on behalf of Davidson. Just as Thrasher did not receive any benefit from Davidson, neither did the respondents suffer any detriment. The respondents knew as early as April 23, 1986, that Thrasher was not proceeding against Davidson. They had ample time before the statute of limitations ran [14] to pursue a claim against

---

6. *Parkhill Truck Co. v. Wilson,* 190 Okl. 473, 125 P.2d 203, 208 (1942).

7. *Travelers Ins. Co. v. Leedy,* 450 P.2d 898, 900 (Okla.1969).

8. *Weiss v. Salvation Army,* 556 P.2d 598 (Okla. 1976); *Coker–Mitchell Co. v. State Indus. Court,* 450 P.2d 894, 897 (Okla.1969); *L.B. Jackson Drilling Co. v. Prichard,* 308 P.2d 284 (Okla. 1957); *Ladd v. Hudson,* 143 Okla. 174, 288 P. 331 (1930); *Noble Drilling Co. v. Murphy,* 131 Okla. 34, 267 P. 659 (1928).

9. *Noble Drilling Co.,* 267 P. at 659.

10. *Id.* at 659.

11. *Id.* at 660 (quoting *Freeland v. Dolen,* 84 Okla. 286, 203 P. 182 (1921)).

12. *Noble Drilling Co.,* 267 P. at 660.

13. *Id.*

14. Okla.Stat. tit. 12, § 95 (1981) provides that an action for the "injury to the rights of another, not arising on contract" must be brought within two (2) years after the cause of action accrues.

Davidson, and respondents have not argued that they were prejudiced.

Thrasher did not elect to pursue her claim against Davidson; she was not required to give notice of election under section 44. Thus, her compensation claim was not barred.

As stated earlier, the purpose of the notice requirements of section 44 is to allow the employer and his carrier to protect their subrogation rights. The decision we reach today accommodates this purpose.

WRIT OF CERTIORARI PREVIOUSLY GRANTED. COURT OF APPEALS' OPINION AND EN BANC ORDER OF WORKERS' COMPENSATION COURT ARE VACATED.

All the Justices concur.