**CRANE CARRIER, own risk, Petitioner,**

v.

**Horace C. RAY, and The Workers' Compensation Court, Respondents.**

**No. 80782.**

Court of Appeals of Oklahoma, Division No. 3.

June 29, 1993.

---

Ronald Hignight, Tulsa, for petitioner.

Jack G. Zurawik, Tulsa, for respondents.

## OPINION

HANSEN, Chief Judge:

Petitioner (Employer) seeks review of a Workers' Compensation Court order finding, among other things, that Respondent Horace Ray (Claimant) had sustained a change in physical condition for the worse and was totally and permanently disabled.

Employer raises a single question before this Court—"whether, as a matter of law, a person who is retired may apply for compensation benefits upon proof of a change of condition for the worse".

Claimant filed his initial claim in April 1987, alleging an injury to his left knee. The parties stipulated the date of injury was May 22, 1986. At the initial trial, Claimant additionally alleged a consequential heart injury resulting from anesthesia during knee surgery. Employer stipulated to the knee injury and some temporary total disability.

During the trial Employer, over Claimant's objection, also elicited testimony from Claimant regarding his retirement. Claimant testified he retired from Employer effective January 7, 1987. Claimant further testified he was 65 years old at the time of trial, and that he "had to retire once [he] got hurt".

Notwithstanding Claimant's testimony regarding his retirement, we find nothing in the record reflecting that Employer then argued retirement was a bar to workers' compensation disability benefits.

In its June 1990, order, the trial court found Claimant had sustained compensable permanent partial disability to his left knee, and an injury, but no disability, to his heart. Claimant appealed this order to a three judge panel, contending the trial court erred in not finding he was totally permanently disabled. The panel affirmed the order, and no further appeal was taken.

In August 1991, Claimant alleged a change of condition for the worse and asked for additional temporary total disability benefits. At the January 1992, hearing, on Claimant's motion, the parties stipulated Claimant had been temporarily totally disabled and had sustained a change of condition. Employer agreed to pay for surgery on Claimant's knee, but argued Claimant was not entitled to temporary disability benefits because of his retirement. This latter issue was the only matter in contention.

Claimant testified he first applied for retirement from Employer in January 1986. Claimant was unclear as to why he did not actually retire in 1986, but suggested Employer ask Dr. W. because Dr. W. "was the one had me to retire". Employer called its personnel manager, who testified a change in its collective bargaining agreement made a substantial difference in Claimant's pension if he retired in 1987, rather than 1986. The personnel manager acknowledged on cross-examination that he had no direct knowledge as to why Claimant did not retire at the time he first submitted his retirement request.

The trial court found a change of condition for the worse as to the knee, and ordered Employer to pay temporary total disability compensation when Claimant submitted himself for needed surgery. The court specifically found payment of retirement benefits to Claimant did not bar him from receiving the temporary total disability benefits.

Both parties appealed this order to a three judge panel, and upon the panel's affirmance, Employer appealed to the Supreme Court. Employer's petition for review reflects the only issue was whether an order of temporary total disability benefits to one who was voluntarily retired and receiving retirement benefits was contrary to law.

Employer's appeal was dismissed by the Supreme Court upon a joint stipulation of dismissal filed by the parties. In the stipulation, the parties noted Claimant's benefits were conditioned upon further surgery and suggested the issues before the Court were moot because Claimant had "elected to abstain from further surgery to his knee and proceed with his claim for permanent impairment".

When Claimant again moved to reopen, the parties agreed the substantive issue was whether Claimant was permanently and totally disabled, the court having previously found a change of condition for the worse, and it being understood the court would consider previous testimony on the effect of Claimant's retirement.

Employer agreed to accept "an increase in the whole person disability", but argued "it would be grossly unfair to this Own Risk to have to pay total permanent disability ... when they're paying him retirement benefits".

In its order, the trial court reiterated its finding of change of condition for the worse as the result of the May 22, 1986, injury, and also found Claimant was totally and permanently disabled. There was no express finding regarding Claimant's retirement status. Employer again appealed to a three judge panel, and sought review here after the panel affirmed the order.

Before addressing Employer's specific argument, we must consider Claimant's contention that Employer is estopped from raising the issue of retirement benefits as a bar to recovery of benefits.

■ Claimant first contends Employer is estopped because the order specifically finding payment of retirement benefits does not bar temporary total disability benefits is final. We do not agree. The appeal of that order was dismissed by the Supreme Court upon the joint motion of both parties. In the joint motion Claimant stipulated the issues before the Court were mooted by his decision not to undergo surgery. Among those issues agreed to have been mooted was the question now before us. Employer apparently acted in reliance on the stipulation in agreeing to dismissal, and Claimant is now bound by it.

■ Claimant next contends Employer is estopped from raising the defense regarding retirement benefits because it was not raised in the initial trial on permanent disability. At the time of this June 1990, trial Claimant had been receiving retirement benefits since January 1987. The issues at the initial hearing derived directly from the injury sustained while Claimant was in active service. The issue raised in this appeal concerns worsening of Claimant's condition post-retirement. While some elements may be common, we find the issues sufficiently distinctive to justify consideration of the substantive question posed by the appeal.

■ Employer argues Claimant is barred from further benefits as the result of his change of condition because he was not a wage earner at the time of the worsening, and the purpose of compensation under the Workers' Compensation Act is to recompense claimants for loss of earning capacity resulting from impairment, not the impairment itself. See, *Special Indemnity Fund v. Farmer*, 195 Okla. 262, 156 P.2d 815 (1945).

While accepting this statement of purpose as the rule in Oklahoma, Employer is misdirected in its reasoning from that point. Employer states the issue before us has not been addressed here and supports its contention with decisions from sister jurisdictions holding temporary total disability benefits may not be awarded to one who is retired because there is no loss of wages.

We find the decisions cited by Employer inapplicable. Contrary to Employer's conclusional assertion that the statute "does not come into play in this matter", the question in controversy is controlled by 85 O.S. 1981 § 45, which states:

> No benefits, savings or insurance of the injured employee, independent of the provisions of this act shall be considered in determining the compensation or benefit to be paid under this act.

Our Supreme Court found retirement benefits to be included within the contemplation of § 45 in *City of Duncan v. Bingham*, 394 P.2d 456 (Okla.1964). The Court in *Bingham* noted the public pension act being considered was intended to "pension off any employee with the requisite years of service. .", and the purpose of the Workers' Compensation Act "was to require industry to bear the burden of human wreckage incident to operation by indemnifying the injured workman for loss of earning". Because of these distinctive purposes, the Court found the pension, even though based on the same disability, did not bar an award of workers' compensation benefits.

In *Bill Hodges Truck Co. v. Humphrey*, 704 P.2d 94 (Okla.App.1984), this Court found that in § 45 "the legislature has manifested a clear intent that a worker who takes steps to assure his financial security shall not be penalized". The record reflects Claimant's retirement benefits were gained by Claimant, and his fellow workers, through the collective bargaining process and were based on length of service. There is nothing in the record to indicate the retirement benefits were subject by agreement to setoff for workers' compensation benefits.

We find Claimant's retirement benefits are independent of the workers' compensation system and as such were within the Legislative intent in § 45. We further find no authority excepting Employer from the application of § 45 because Employer must provide both retirement and Workers' Compensation benefits.

The order of the Workers' Compensation Court is supported by competent evidence of record and is not contrary to law. The order is therefore SUSTAINED.

Claimant's request for appellate attorney fees is DENIED.

BAILEY, P.J., and HUNTER, J., concur.