Paul WISE, Appellant,

v.

**Christopher WOLLERY and the State Insurance Fund, Appellees.**

No. 83524.

Court of Appeals of Oklahoma,
Division No. 3.

May 2, 1995.

Rehearing Denied June 20, 1995.

Certiorari Denied Sept. 27, 1995.

Mark Allen Lowery, Oklahoma City, for Appellant.

Timothy William Green, Oklahoma City, for Appellees.

*OPINION*

GARRETT, Chief Judge:

Paul Wise (Appellant) was injured in a car wreck while driving his employer's car. He filed a Form 3 in Worker's Compensation Court and received compensation for his injuries. Then, he filed an action against the

driver of the other car and his employer's liability insurance company. He sought benefits under the uninsured motorist portion of the employer's policy, alleging the other driver was uninsured. Appellant settled the action against the insurance company for $100,000.00. The State Insurance Fund (Fund) filed a motion for apportionment.

Appellant moved for summary judgment alleging that a worker's compensation carrier, such as Fund, had no subrogation rights to uninsured motorist benefits. Appellant relied on *Thrasher v. Act–Fast Labor Pool, Inc.*, 806 P.2d 640 (Okl.1991) for the holding that a worker's compensation insurance carrier had no subrogation rights under 85 O.S. 1991 § 44.

■ Generally, under § 44 a worker must elect whether (1) to take his or her remedy under the Worker's Compensation Act or (2) against a negligent third party not in the same employ. Further, § 44 gives the employer or its workers' compensation insurance carrier the right of a reasonable apportionment of proceeds obtained by an injured employee when the employee prosecutes a third-party cause of action as well as seeking relief under the Worker's Compensation Act.

■ Fund responded to the motion and alleged *Thrasher* was inapplicable because it held a worker's compensation carrier was not entitled to subrogate against an employee's *own* uninsured motorist benefits. Fund contended it was able to subrogate against uninsured motorist benefits in employer's liability insurance policy, and relied on *Hodges v. Humphrey*, 704 P.2d 94 (Okl.App.1984), *Prettyman v. Halliburton Co. et al.*, 841 P.2d 573 (Okl.1992), and *Parkhill Truck Co. v. Wilson*, 190 Okla. 473, 125 P.2d 203 (1942). Fund contends these decisions show the public policy reasons for the uninsured motorist exception to· § 44, and the exception does not apply to uninsured motorist coverage paid for by the employer. However, the *Thrasher* Court held to the contrary and is controlling here.

In *Thrasher* the employee was riding in a car at the request of her employer. It was being driven by a co-employee and was in an accident with a third-party. The employee filed a workers compensation claim and an action against the third-party and an insurance company. The employee did not pursue her claim against the third-party, but recovered "from her co-employee's uninsured motorist insurance". The court held the respondents did not have subrogation rights against the uninsured motorist benefits. In so holding, the court did not make a distinction between uninsured motorist coverage paid for by the employee and uninsured motorist coverage paid for by another.

Here, the court overruled Appellant's motion for summary judgment and entered judgment for Fund in the amount of $54,502.94 to be recovered from the uninsured motorist benefits of $100,000.00. Appellant contends it was error for the court to order subrogation because uninsured motorist benefits are not subject to subrogation, and it is irrelevant whether the uninsured motorist coverage was owned by the employer or employee.

■ While § 44 ordinarily does not allow double recovery, uninsured motorist benefits constitute an exception to the rule whether such benefits are paid for by the employee or by some other party. Based on *Thrasher*, summary judgment allowing Fund to subrogate was improper.

Appellant's motion for summary judgment should have been sustained. Fund's motion should have been denied. The judgment is vacated. On remand, the court is directed to enter judgment for Appellant and against Fund.

REVERSED AND REMANDED.

HUNTER and ADAMS, JJ., concur.