**Robert R. DENNIS, Petitioner,**

v.

**HARDING GLASS COMPANY, Legion Insurance Company, and The Workers' Compensation Court, Respondents.**

No. 86932.

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 23, 1996.

Certiorari Denied Nov. 18, 1996.

Richard L. Peaster, Tulsa, for Petitioner.

Michael W. McGivern, Michael F. Smith, Tulsa, for Respondents.

*OPINION*

HANSEN, Presiding Judge:

Petitioner, Robert Dennis (Claimant), seeks review of a Workers' Compensation Court order granting the motion of Respondent, Harding Glass (Employer), to offset uninsured motorist coverage against Claimant's Workers' Compensation award. The single issue presented for our review is whether the Workers' Compensation Court erred in allowing the offset.

The Workers' Compensation Court found Claimant had sustained employment related injuries to his neck and back and awarded permanent partial disability compensation of $39,565.00. Claimant's injuries resulted from a vehicular accident when Employer's truck, in which Claimant was a passenger, was struck by another vehicle. Prior to receiving his workers' compensation award, Claimant had sought and received $25,000.00 from Employer's uninsured/underinsured motorist coverage. That coverage was obtained and paid for entirely by Employer.

In its pleadings, and at trial, Employer requested an offset against the Workers' Compensation award for the $25,000.00 Claimant had received in uninsured motorist benefits from Employer's insurer. Employer did not seek to offset the amount Claimant received from his own uninsured motorist coverage. Claimant received nothing from the third party tortfeasor and had not pursued an action against him.

The trial court denied the request for an offset. Employer appealed to a three judge panel of the Workers' Compensation Court on the offset issue only. The three judge panel modified the trial court's order to allow the offset, citing as authority 85 O.S.1991 § 44. Claimant seeks review of the Workers' Compensation Court order as modified.

As his sole appellate proposition, Claimant contends Employer is not entitled to the offset against his Workers' Compensation award because Employer has no subrogation right to uninsured motorist benefits. Employer, on the other hand, argues that offset

against uninsured motorist benefits should be permitted when the premiums to obtain such benefits are paid by the employer.

To support his contention, Claimant relies significantly on 85 O.S.1991 § 45 and appellate decisions interpreting that section. Section 45 provides:

> No benefits, savings or insurance of the injured employee, independent of the provisions of this act shall be considered in determining the compensation or benefit to be paid under this act.

Employer's assertion that it is entitled to an offset is based on 85 O.S.1991 § 44, which provides that if an employee is injured by the negligence or wrong of another not in the same employ, the employee must elect whether to take compensation under the Workers' Compensation Act or pursue his remedy against the other. Section 44 further provides, in relevant part, that if the employee:

> ... elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case.

With respect to § 45, the Court of Appeals has held that a workers' compensation insurance carrier was not entitled to set off against a permanent partial disability award where a claimant had recovered under his own uninsured motorist coverage. *Bill Hodges Truck Co. v. Humphrey,* 704 P.2d 94 (Okla.App.1984) (Approved for publication by the Supreme Court). The *Humphrey* Court reasoned that uninsured motorist coverage "bargained and paid for by the worker" was "insurance of the injured employee" within the meaning of § 45 and therefore could not be considered in determining an award under the Workers' Compensation Act.

The Court of Appeals later cited *Humphrey* in holding that retirement benefits, gained by a claimant and his fellow workers through collective bargaining, were precluded under § 45 from being offset against Workers' Compensation benefits. *Crane Carrier v. Ray,* 857 P.2d 826 (Okla.App. 1993). In *Ray,* the Court found no authority excepting the employer from the application of § 45 because the employer had to provide both retirement and Workers' Compensation benefits. The *Ray* retirement benefits were found to be similarly obtained by the employee to assure his own financial future.

The appellate courts in this jurisdiction have not decided if uninsured motorist coverage *not* paid for by the worker was "insurance of the injured employee" under § 45. We do, however, find some guidance by analogy. In *Dayton Tire & Rubber Company v. Vires,* 538 P.2d 194 (Okla.1975), the claimant, during temporary total disability, had received "sick benefit payments" under a group coverage insurance policy provided by the employer without contribution. The Supreme Court held the sick benefit payments could not be credited against the Workers' Compensation award. In doing so, the Court adopted the reasoning in *Alabam Freight Lines v. Chateau,* 57 Ariz. 378, 114 P.2d 233 (1941), that the one benefit was based on Workers' Compensation law and the other upon the contract between the employer and its insurer *for the benefit of the employees.*

As in *Vires,* Employer's uninsured motorist coverage on its truck here must have been obtained for the benefit of Claimant and his fellow employees who would be riding in it to carry out Employer's work. Further, Employer's uninsured motorist coverage was not required by the Workers' Compensation Act so as to come within the exception to § 45.

The Oklahoma Supreme Court has applied *Humphrey* in the context of § 44. In *Thrasher v. Act–Fast Labor Pool, Inc.,* 806 P.2d 640 (Okla.1991), the Workers' Compensation Court denied benefits because the claimant failed to notify the employer of her third-party claim as required by § 44. The claimant had filed suit against the third-party and her co-worker's uninsured motorist carrier. The claimant recovered from the unin-

sured motorist coverage and dropped the suit against the third party. The Supreme Court, applying *Humphrey,* held it was not necessary for the claimant to give notice because *employer had no subrogation rights to uninsured motorist benefits under § 44.*

In *Wise v. Wollery,* 904 P.2d 151 (Okla. App.1995), the Workers' Compensation carrier sought apportionment of an employee's recovery from an employer's uninsured motorist coverage in accordance with another provision of § 44. The Court of Appeals, citing *Thrasher,* refused to distinguish between uninsured motorist coverage paid for by the employee and coverage paid for by another.

As Employer does here, the Workers' Compensation carrier in *Wise* argued that the public policy reasons expressed in *Humphrey* do not apply to uninsured motorist coverage paid for by an employer. The *Wise* Court found *Thrasher* held to the contrary and found it to be controlling. In *Wise,* the Court of Appeals held that while § 44 does not *ordinarily* allow a claimant double recovery, "uninsured motorist benefits constitute an exception to the rule whether such benefits are paid for by the employee or by some other party". That holding is not inconsistent with § 45, or the decisions above discussing that section.

Employer argues that employees involved in accidents with insured and uninsured motorists should be treated equally under the law. Employer cites Article II, § 7 of the Oklahoma Constitution, the due process provision, in support of that proposition. The Oklahoma Supreme Court has disposed of the equal treatment issue in *Humphrey* by holding that setoff would not be allowed for uninsured motorist benefits recovered under an employee's policy. For the purposes of the equal treatment issue it makes no difference whether the uninsured motorist benefits come from the employee's or employer's policy. If the Supreme Court approved of "double recovery" in the former circumstance, then it is just as acceptable in the latter.

Employer also argues public policy supports subrogation of uninsured motorist benefits to prevent double recovery by injured employees. Employer is correct that the Supreme Court has determined § 44 is designed to protect subrogation rights of the employer and his insurance carrier and to guard against the employee receiving double recovery. *Prettyman v. Halliburton Co.,* 841 P.2d 573 (Okla.1992). However, we cannot find that this rule has been expressed by the Supreme Court in any case other than one in which recovery was received or sought from a third party. It has been clearly established that the employer or its insurer can recover against a third party or his insurer, as the case may be. We do not find the public policy relied on by Employer extends to recovery of uninsured motorist benefits.

Neither § 44 nor § 45 authorizes Employer to offset the amount Claimant received in uninsured motorist benefits, even though the recovery was from Employer's policy. The Workers' Compensation Court erred in granting Employer's motion to offset. That portion of the Order on Appeal modifying the trial court's order to allow offset is VACATED. The remainder of the order as originally entered by the trial court is SUSTAINED.

JOPLIN, J., concurs.

BUETTNER, Judge, specially concurring:

I concur solely on the basis of *Wise v. Wollery,* 904 P.2d 151 (Okla.App.1995). However, the clear legislative intent of 85 O.S.1991 § 44 is thwarted by not applying § 44 when the employee seeks recovery of workers' compensation benefits from the employer and also makes a claim under uninsured motorist insurance purchased by the employer. In this case, the employee elected to proceed against the employer's insurance carrier standing in the shoes of the tortfeasor. Section 44 clearly states that the employer is only required to contribute the deficiency between the amount collected and the compensation provided by the Workers' Compensation Act.